This is a post-divorce proceeding.
Judy and Gerald Argo were divorced on November 9, 1981. By agreement, incorporated in the judgment, the mother was awarded custody of four children, now ages ten to six, and the father was to pay seventy dollars ($70) every eight (8) days as child support. In 1982, the father was adjudged $222.43 in arrears and ordered to pay an additional $20 per payment to satisfy the arrearage. On May 14, 1984, the mother filed for garnishment under then §§ 6-6-490 to 493 (now repealed), Code of Alabama 1975, alleging the father was $1,344.43 in arrears. In his answer, the father admitted being in arrears, but denied the amount and filed a motion to modify the amount of support, alleging a reduction in his income due to being on "short time."
On September 20, 1984, after ore tenus hearing, the trial court entered a judgment in favor of the mother for $2,364.43, plus "interest as allowed by law;" reduced the amount of child support to $200 per month; and ordered "that so long as the plaintiff pays the sum of $200 each month, plus $1.00 for each payment, as required by law, execution or other process to collect judgment is hereby suspended."
On appeal, the mother contends the trial court erred in staying execution on the judgment for past-due child support; failing to ascertain the amount of interest due and entering a judgment therein; reducing the amount of child support and failing to issue an immediate wage withholding order under §30-3-60.
As to the first two contentions, we find the case of Osbornev. Osborne, 57 Ala. App. 204, 326 So.2d 766 (1976), to be dispositive. In that case this court held that accrued child support payments become final judgments as of the date due and may be collected as other judgments, and that such judgments would bear interest from due date. "The judgment must be conclusive and certain in itself. All matters should be decided; damages should be assessed with specificity, leaving the parties with nothing to determine on their own." Jewell v.Jackson Whitsitt Cotton Co., 331 So.2d 623 (Ala. 1976). The failure of the trial court to reduce the amount of interest to a sum certain and the staying of execution or other process to collect the judgment rendered were error and require reversal.
The mother further contends the trial court abused its discretion in reducing the amount of child support. "A trial court's modification of a prior decree for child support, because of changed circumstances of the parties, is a matter within the trial court's judicial discretion which will be disturbed on review only if it is so unsupported by the evidence as to be plainly and palpably wrong." Morrow v.Morrow, 351 So.2d 923 (Ala.Civ.App. 1977). Mr. Argo had the burden of proving that there had been a material change in circumstances since the 1981 divorce judgment to justify modification of child support payments. Ex parte Boley,392 So.2d 840 (Ala. 1981). He based his motion on being on "short time" with reduced income.
The most significant change of circumstances shown by the evidence was that both parties had remarried. Mr. Argo's remarriage increased his expenses considerably. He had purchased a new home, *Page 260 
another automobile, supports a child by his second marriage, had borrowed money on three occasions to pay bills and to establish his credit. His estimated gross income for 1984 exceeds $15,000, with take-home pay exceeding $12,000. Mr. Argo grossed $14,985.57 in 1982, and $15,516.80 in 1983. In 1981, Mr. Argo's take-home pay was $13,520. Mr. Argo's present wife is employed, with net income of $200 per week and receives $45 per week for support of her three children by a former marriage.
The evidence shows that Judy Argo has recently remarried and moved to Jacksonville, Florida; is no longer employed, and that the monthly needs for support of the four children is the sum of $355.
While Mr. Argo has remarried and incurred additional expenses and temporarily sustained a slight decrease in wages, his primary responsibility is to the obligation assumed with his first marriage. Prestwood v. Prestwood, 344 So.2d 509
(Ala.Civ.App. 1977). Seldom does the ability of the parent to pay meet the needs of the children. In this case the facts are inadequate to justify modification of child support. Mr. Argo failed to meet the requisite burden of proof. The proven facts are insufficient evidence of a material change in circumstances of the parties upon which to base the modification of the judgment as to child support. We, therefore, find the order reducing the child support payments is not supported by the evidence and is contrary to law.
We shall not write to the failure of the trial court to issue an immediate wage withholding order as it is not necessary as this case, for the reasons above stated, is due to be reversed and remanded.
Appellant is awarded an attorney's fee on this appeal in the sum of $250.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.