This is a child support modification case.
The parties were divorced in 1977, and custody of the two minor children was awarded to the mother. The father was ordered to pay child support in the amount of $150 per month per child.
On March 30, 1988, the father filed a motion to reduce his child support obligation. The mother counterclaimed, seeking an increase in support for the minor children.
After an ore tenus hearing, the trial court denied the father's request to reduce and granted the mother's request to increase the total amount of child support to $2,500. The older child has reached the age of majority, and pursuant to the court's order, this amount was reduced to $1,600 as of December 1, 1988. The father appeals. We affirm.
The dispositive issue on appeal is whether the trial court erred in increasing the father's obligation to pay child support. He asserts that the trial court failed to give proper consideration to a change in circumstances regarding his ability to pay such support and the mother's ability to contribute. He further maintains that the amount awarded exceeds the demonstrated need of the minor child.
The amount of child support is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Taylor v. Taylor, 486 So.2d 1294
(Ala.Civ.App. 1986). Additionally, the judgment of a trial court following an ore tenus hearing is presumed correct and will not be set aside unless it is plainly and palpably wrong.Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986).
This court has also held that the increase in age of minor children and the correlative increase in need for support, when coupled with the increase in the cost of living due to inflation, is sufficient to constitute a material change of circumstances supporting a modification. Miller v. Miller,437 So.2d 574 (Ala.Civ.App. 1983). Furthermore, it has been held that a comparison of the parents' income is not the proper criterion for determining the amount of the father's obligation. Bill v. Bill, 370 So.2d 1023 (Ala.Civ.App. 1979). The father's moral and legal duty to support his minor children is not diminished by *Page 1024 
any possible income of the mother. Bill, 370 So.2d 1023. Rather, the criterion by which an amount of child support is judged is the need of the child as compared to the ability of the father to respond to that need. Thompson v. Thompson,337 So.2d 1 (Ala.Civ.App. 1976). Additionally, the indebtedness of the father is a secondary consideration when compared to his obligation to support his children in relation to his income.Cranton v. Cranton, 347 So.2d 997 (Ala.Civ.App. 1977).
In light of the numerous decisions of the court regarding the issue of abuse of discretion of a trial court in child support modification cases, we perceive no precedential value in relating all of the facts of the instant appeal.
We do note, however, that there was sufficient evidence of the increased needs and expenses of the minor child to support the trial court's modification. In addition, the award clearly corresponds with the amount recommended as determined by use of the child support guideline forms. Rule 32, Alabama Rules of Judicial Administration.
We find that there was sufficient testimony by the mother upon which the court could conclude that she is unable to meet the needs of the minor child without greater financial assistance from the father. Furthermore, the record reveals that the father has the present ability to respond to those needs.
We find that no palpable abuse of discretion is disclosed by the record.
The mother's request for an award of attorney's fees is granted in the amount of $500.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs.
ROBERTSON, J., not sitting.