The parties were divorced in October 1990. Custody of the two minor daughters was placed with the mother, and the father was ordered to pay $500 per month in child support.
In May 1991 the mother filed a petition seeking to have the father provide a more fit and proper dwelling for visitation to occur. The father filed a counterclaim requesting that his child support obligation be decreased. Following oral proceedings, the trial court decreased the father's child support obligation to $251.64. The mother appeals.
The mother asserts that the trial court erred in decreasing the child support. She contends that the father failed to prove a substantial change in circumstances since the October 1990 decree.
A prior child support award may be modified only on proof of changed circumstances. The burden of proof rests on the party seeking the modification. Forlini v. Forlini, 455 So.2d 855
(Ala.Civ.App. 1983). The paramount consideration in determining the amount of child support is the needs of the children, taking into account the parent's ability to pay.Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). The modification of child support for changed circumstances is a matter strictly within the trial court's discretion. The trial court's decision will not be disturbed upon appeal unless there is an absence of supporting evidence and an abuse of discretion. Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App. 1985).
Once a change in circumstances is proven, Rule 32(A), Alabama Rules of Judicial Administration, establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines. Moore v. Moore,575 So.2d 95 (Ala.Civ.App. 1990).
Our careful review of the record, viewed with the attendant presumptions, supports the mother's assertion that the father failed to prove that a substantial change in circumstances has occurred since the entry of the last decree.
The father failed to present any evidence establishing a substantial change in his yearly earnings or in his earning abilities. *Page 911 
The only evidence adduced at trial on this matter was the entry of the father's 1990 tax return into evidence. In response to his attorney's questioning, the father maintained that he thought he could make about $1,000 every month. There was no evidence whatsoever concerning the needs or the expenses of the minor children.
The only evidence pertinent to the child support determination was the fact that the wife was employed full time and earning $4.79 per hour and the fact that the husband "thought" he could clear $1,000 a month. Based on this evidence the trial court made the following finding:
 "The court finds that under the Uniform Child Support Guidelines that Plaintiff's gross income is $830.00 and that of Defendant is $1,000 per month for a total child support obligation of $466.00 with defendant's 54% thereof being $251.64 per month. . . ."
The father failed to prove that a continuing and substantial change in circumstances has occurred in the seven months since the original order was entered. The trial court's arbitrary application of the child support guidelines, when there was no evidence to show a material change in circumstances, was in error.
The father suggests in his brief that the October 1990 order, requiring him to pay $500 per month in child support, was procured by fraud. The father never filed an action to set aside the original decree. A Rule 60(b)(3), Alabama Rules of Civil Procedure, motion would have been appropriate. However, such a motion must be filed within four months of the judgment. The father failed to do so. He was therefore precluded from raising the issue at the modification hearing and is precluded from raising it on appeal.
The judgment of the trial court is reversed and the original judgment remains in effect.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND ORIGINAL JUDGMENT REINSTATED.
All the Judges concur.