THIGPEN, Judge.
This case involves post-divorce proceedings.
The father and mother divorced in August 1989. The divorce decree incorporated an agreement of the parties providing joint custody of the two children, with primary physical custody of both children with the mother until November 1, 1989. After that date, the father would have primary physical custody of the son and the mother would have primary physical custody of the daughter. That agreement also contained a child support provision for the benefit of the daughter and for the benefit of the son for the months the son stayed with the mother.
The record discloses that from November 1989 until August 1990, the son alternated his stays between his parents. He has remained with his mother since August 1990. In June 1990, the mother filed an affidavit alleging that the father was in arrears on his continuing child support obligation of $525.00 per month. The father, pro se, denied the arrearage and filed a motion to set aside the withholding order. The trial court temporarily suspended the withholding order pending a hearing.
In a letter to the trial court in August 1990, the mother asked for the divorce decree to be modified by granting her permanent physical custody of the son and increasing the father’s child support obligation to $650.00 per month for both children. Additionally, she asked the court to revoke the weeknight visitation privileges of the father.
Following the September 1990, hearing regarding the support obligation, the trial court entered an order with its determination that the father owed an arrearage of $512.50. The trial court ordered the father to pay that arrearage and further ordered that pending trial on the custody issue, the mother would have primary physical custody of both children. The trial court ordered the father to pay child support of $525.00 per month pending further orders. The order expressly stated that these changes did not modify the joint legal custody of the children.
In January 1991, the father, pro se, filed an answer and counterclaim alleging a material change of circumstances and requesting the trial court to award primary physical custody of the son to the mother, and primary physical custody of the daughter to the father. He also requested a reduction in his child support obligation, and filed a child support guideline form and other financial documents.
On the day of the hearing, the father appeared at the morning docket call, but failed to appear later in the day when the case was called for trial. The order entered after that hearing noted that the father ultimately appeared and was allowed to give testimony regarding an investment. After considering all evidence presented, including the testimony of both parties, the trial court entered an order denying the father’s requests, continuing the joint legal custody of both children with both parents, continuing the primary physical custody of the daughter with the mother, granting the mother the primary physical custody of the son, terminating the weeknight visitation, and ordering the father to pay to the mother $325.00 per month per child as child support in compliance with Rule 32, A.R.J.A. The father’s motion for new trial was denied; hence this appeal.
The dispositive issues presented are: (1) whether the trial court erred in holding the trial in the father’s absence, and in denying his subsequent motion for a new trial, and (2) whether the modification of the child support obligation is supported by the evidence.
The law is clear that due process of law requires notice, a hearing conducted according to that notice, and a judgment consistent with the notice and hearing. Sand *907 ers v. Kunkle, 533 So.2d 259 (Ala.Civ.App. 1988). The rules apply impartially to members of the bar and parties proceeding pro se and one may not avoid the effect of legal procedure and court rules by relying on his unfamiliarity with them. Hubbard v. Montgomery, 372 So.2d 315 (Ala.1979). When a defendant, who is properly within the jurisdiction of the court and has notice of the trial date, does not appear and defend, the trial court may enter a judgment for the plaintiff. Roberts v. Wettlin, 431 So.2d 524 (Ala.1983). Likewise, one bringing an action may suffer similar consequences for failure to appear. See Hines v. City of Mobile, 480 So.2d 1203 (Ala. 1985).
In the instant case, the record is clear and undisputed that the father had actual notice of the hearing concerning the mother’s petition and his own counterclaim. We find no error in the trial court’s proceeding without him present, nor any abuse in denying the father’s post-trial motion.
The father next argues that no evidence was presented to support a finding of a change of circumstances sufficient to warrant a modification of the original support obligation.
Matters concerning the custody and support of children lie within the discretion of the trial court and we will affirm custody and support judgments that are supported by credible evidence. Cole v. Cole, 442 So.2d 120 (Ala.Civ.App.1983). Child support judgments shall be modified “only upon a showing of a material change of circumstances that is substantial and continuing.” Rule 32(A)(2)(i), A.R.J.A. The record contains ample financial data from both the mother and the father reflecting their salaries and expenses. It appears that the trial court, acting within its discretion, determined inappropriate some of the father's claimed business expenses in computing his gross income. Rule 32(B)(3)(ii), A.R.J.A. Additionally, the trial court’s order changed the primary physical custody of the son from the father to the mother. That change of physical custody is a significant material change of circumstances for the children and the mother’s expenses for the children that is clearly “substantial and continuing.”
In light of the above, we find no error in the trial court’s modification of the divorce decree.
The mother’s request for an attorney’s fee is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.