L. CHARLES WRIGHT, Retired Appellate Judge.
In November 1990 the Juvenile Court of Blount County entered an order finding Mohamed Abdel-Ghany to be the father of the minor child born to Mavis June Peppers. He was ordered to pay monthly child support.
We do not have the juvenile court record before us. It appears, however, that subsequent to the initial determination of paternity, Abdel-Ghany filed a petition for custody in that court. At approximately the same time, the State of Alabama on behalf of Peppers filed a motion for retroactive support and medical costs. A hearing was held on all issues. Abdel-Ghany failed to appear and his request for custody was dismissed. The court entered a judgment entitling Peppers to recover retroactive child support and medical expenses. Abdel-Ghany appealed the judgment to the Circuit Court of Blount County. Subsequent to the filing of the appeal, the State filed a contempt petition against Abdel-Ghany due to his failure to provide proof of health insurance for the child.
A trial on all the issues, including child support, was held in the circuit court. The court ordered Abdel-Ghany to pay $625.68 per month in child support and to provide medical insurance coverage for the minor child. It further ordered him to pay medical expenses incurred by the minor child and retroactive support. Abdel-Ghany filed a motion for reconsideration which was denied. Abdel-Ghany appeals.
Abdel-Ghany asserts that in setting child support, the circuit court failed to adhere to Rule 32 of the Alabama Rules of Judicial Administration or to make a finding that application of the guidelines would be manifestly unjust or inequitable.
The State suggests that the circuit court’s order pertaining to ehild support was simply an affirmation of the juvenile court’s finding. The State insists that the court’s review of the child support was premised on a modification and, therefore, Abdel-Ghany was required to prove that there had been a material change of circumstances in order to change the juvenile judgment. The State contends that Abdel-Ghany failed to prove the occurrence of a material change; therefore, the court’s affirmation of the previously-ordered child support was proper.
Our view of the record indicates that the court’s order was an initial order of child support as the proceeding was de novo in circuit court. § 26-17-20, Code 1975.
The child support guidelines are mandatory in all actions filed after October 9, 1989. Rule 32, A.R.J.A. The trial court may deviate from the guidelines only where there is a fair, written agreement between the parties setting the amount of child support to be paid or where the trial court specifically determines that the application of the guidelines would be manifestly unjust or inequitable. Rule 32(A)(i) and (ii), A.R.J.A.
Throughout the hearing, the trial court related its intention to strictly apply the child support guidelines. There is also specific reference in the transcript to certain standardized forms relating to child support. The trial court’s order, however, does not mention the guidelines, and the required standardized forms do not appear in the record on appeal. Rule 32(E), A.R.J.A. Furthermore, our review of the record reveals that there is no correlation, applying Rule 32, between the amount of *1019 the ordered child support and the evidence adduced at trial.
Abdel-Ghany testified that he earns $4,213 per month and that he has two children from a previous marriage to whom he pays $160 per month per child in child support. Peppers testified that she was unemployed but that she would be employed in the near future and would be earning $5.10 per hour.
We have calculated and recalculated and cannot determine how the trial court arrived at its order of support. The trial court either failed to apply the guidelines or improperly deviated from them. This issue is therefore reversed and remanded for the trial court to recalculate its support order, both past and present, in accordance with the guidelines or to make a finding as to why the guidelines are not applicable. Rule 32(A), A.R.J.A.; Thistlethwaite v. Thistlethwaite, 590 So.2d 317 (Ala.Civ.App.1991).
Abdel-Ghany contends that the trial court erred in ordering him to provide medical insurance coverage for the minor child. Such an order is discretionary with the trial court. §§ 26-17-1 through -21, Code 1975. We find no error.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.