THIGPEN, Judge.
This child support case has been before this court previously. See Abdel-Ghany v. Peppers, 600 So.2d 1017 (Ala.Civ.App.1992). In August 1991, the circuit court determined that Mohamed Abdel-Ghany (father) was the natural father of a child bom to Mavis June Peppers (mother), and it ordered the father to pay $625.68 per month in child support and to maintain medical insurance on the child. This court reversed in part and remanded the cause for the trial court to recalculate its support order in accordance with Rule 32, Ala.R.Jud.Admin., or to make a finding why the guidelines were not applicable. On remand, the trial court determined that application of the guidelines prior to the date of the order would have been unjust and inappropriate under the circumstances; however, based on present income information, the trial court set the child support obligation at $535.61 per month based upon the guidelines. The father appeals.
Although the father attempts to raise several issues on appeal, his brief fails to pres-ént those issues clearly and unambiguously as required by Rule 28, A.R.App.P. Further, the argument does not address any issues in a coherent or intelligible manner and it fails to cite supporting authority. The only citation to authority in the appellant’s brief is a reference to Rule 32, Ala.R.Jud.Ad-min., which fails to advance his arguments. The only authority he cites in his reply brief is relied on for general propositions of law, not his contentions, and it appears to be obtained from the appellee’s brief. See Thomason v. Redd, 565 So.2d 259 (Ala.Civ.App.1990).
The appellant’s failure to comply with Rule 28, A.R.App.P., solicits affirmance of the trial court’s judgment. Harris v. Harris, 528 So.2d 866 (Ala.Civ.App.1988).
Moreover, it appears that the trial court’s order followed our instructions on remand and it is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.