The parties were divorced in June 1991. The mother was awarded custody of the parties' two minor children, and the father was ordered to pay $300 per month in child support. In December 1991 the mother filed a "Petition for Rule Nisi and/or Petition for Modification." In July 1992 she modified her petition and further alleged
 "that there has been a material change of circumstances since the rendition of said decree, in that, the [father's] amount of income has increased and that increase is continuing and that the decree should be modified to require the [father] to pay more child support to [the mother]."
Following oral proceedings, the trial court increased the father's child support obligation to $981 per month. The father appeals.
The father asserts that the mother failed to prove that there had been a substantial change in circumstances since the divorce sufficient to justify the increase in child support payments. Specifically, he contends that the mother failed to present any evidence concerning a change in the children's needs or expenses.
A prior child support award may be modified only on proof of changed circumstances. The burden of proof rests on the party seeking the modification. Cherry v. Clark, 595 So.2d 909
(Ala.Civ.App. 1992). The paramount consideration in determining the amount of child support is the needs of the children, taking into account the parent's ability to pay.Cherry. The modification of child support for changed circumstances is a matter strictly within the trial court's discretion. The trial court's decision will not be disturbed on appeal unless there is an absence of supporting evidence and an abuse of discretion. Cherry.
Once a change of circumstances is proven, Rule 32(A), A.R.J.A., establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines. Cherry.
Our review of the record, viewed with the attendant presumptions, supports the father's assertion that the mother failed to prove that a substantial change of circumstances has occurred since the entry of the last decree.
The mother failed to present any evidence concerning an increase in the children's needs or expenses. The mother did present estimates of expenses for her and the children. However, there was no evidence presented as to whether the expenses were any *Page 787 
greater than they were when the parties divorced. Furthermore, the mother failed to present any evidence concerning a change in her income. The mother's entire argument was premised on the fact that the father's income had increased. Apparently, the trial court based its judgment solely on that premise.
The mother failed to prove that a continuing and substantial change in circumstances has occurred in the 15 months since the original order was entered. The trial court's application of the child support guidelines, when there was no evidence to show a material change in circumstances, was in error. Dimoff v. Dimoff, 606 So.2d 159
(Ala.Civ.App. 1992); Cox v. Cox, 591 So.2d 90 (Ala.Civ.App. 1991).
The judgment of the trial court is reversed. The case is remanded for an entry of a judgment denying the mother's motion to modify.
The parties' requests for attorney fees are denied. The mother's request for damages under Rule 38, A.R.A.P., is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.