This is a child support case.
The parties divorced in September 1981, and, inter alia, the mother was awarded custody of the parties' two minor children and the father was ordered to pay child support. Subsequent modifications followed, and in 1987, the amount of child support was increased to $650 per month.
In November 1991, the mother filed a petition for modification, requesting an increase in the amount of child support for the younger child to comply with the child support guidelines of Rule 32, Ala.R.Jud.Admin.; that the father be required to provide insurance and that he be ordered to reimburse the mother for medical and dental expenses that were not covered by insurance; and that the father be ordered to financially assist in funding the older child's college education. She also sought attorney fees. Following ore tenus proceedings, the trial court summarily denied the mother's requests; hence, this appeal.
At the outset, we note the long-established tenet that the trial court's determinations regarding the issues of child support, post-minority support, and attorney fees are discretionary with the trial court, and that its judgment on those matters will not be disturbed on appeal except for plain and palpable abuse of that discretion. Chambliss v. Chambliss,587 So.2d 406 (Ala.Civ.App. 1991); *Page 30 Peck v. Peck, 581 So.2d 1119 (Ala.Civ.App. 1991); and Brannonv. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
The mother first contends that she proved a substantial change in circumstances since the last modification sufficient to justify an increase in the father's child support obligation, and that the trial court erred in denying her petition.
A prior child support award may be modified only with proof of changed circumstances, and the burden of proof rests with the party seeking the modification. Cherry v. Clark,595 So.2d 909 (Ala.Civ.App. 1992). "The paramount consideration in determining the amount of child support is the needs of the children, taking into account the parent's ability to pay."Cherry at 910. If a change of circumstances is proven, Rule 32, Ala.R.Jud.Admin., establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines. Cherry, supra.
The record reflects that the older child of the parties, a daughter, graduated from high school and entered the University of Kentucky while still a minor. When the daughter reached majority, the father, on his own violation, reduced the amount of child support from $650 to $325 per month. The increase now requested pertains only to the obligation owed for the parties' minor son.
Since the divorce, the mother has remarried. She is unemployed and stays at home to take care of the parties' son and a child from her subsequent marriage. The father has been married twice since the parties' divorce. He has fathered seven children, ranging in ages from three months to 29 years at the time of the hearing. Besides the children at issue, the father pays an additional $650 in monthly support for two other children. The father is a public official, and his gross income from that position for 1992 exceeded $100,000.
The mother testified that the parties' son began wearing eyeglasses after the previous modification and that he needed orthodontic treatment. The mother and the stepfather testified regarding the estimated cost of the orthodontic treatment and the cost of the son's clothing, trips, activities, and enhanced teenage appetite. The evidence clearly disclosed that the child's needs had greatly increased since the 1987 modification.
The father agreed that the needs of the child had increased since the last modification. He asserted, however, that he does not have the financial ability to respond to those increased needs by explaining a series of events in his life, including multiple marriages, a history of alcoholism and substance abuse, career changes, and poor financial decisions in his past. Testimony indicated that the father would not file for bankruptcy, as suggested by his accountant, because of his status as a public official.
The record is replete with evidence demonstrating a material change in circumstances that was substantial and continuing, and there was no dispute that the child's needs had increased since the last modification. The only dispute appears to concern the father's ability to respond to the child's increased needs.
The record reflects that the father's income and debts have increased since 1987. The father's financial advisor testified that the father's total debt payments and living expenses exceeded his monthly income by approximately $2,000 per month. He testified that his recommendation to the father to file bankruptcy had been refused. A parent's primary concern should be to honor and support his children, and his indebtedness is secondary when compared to his obligation to support his children. Perry v. Perry, 550 So.2d 1022 (Ala.Civ.App. 1989). The legal and moral obligation to support one's offspring is not diminished by a parent's indebtedness. See Perry, supra.
Because it appears of record that this father has the financial ability to respond to his son's needs, which have substantially increased since the last modification, we find that the trial court erred in failing to increase the child support obligation. Therefore, we must reverse and remand that issue for the trial court to calculate a support order in accordance with the guidelines, or to state why the guidelines should not be applied. Rule 32, Ala.R.Jud.Admin.;Abdel-Ghany *Page 31 v. Peppers, 600 So.2d 1017 (Ala.Civ.App. 1992).
The mother next argues that the trial court erred in refusing to require the father to pay a portion of the son's orthodontic expenses. She introduced evidence regarding the son's needs for that treatment and testified that the estimated cost for the treatment was $3,000. The father admitted that his son needed orthodontic treatment, and the parties agreed that the orthodontic treatment was necessary and in the best interests of the son.
The record does not reveal any provisions in prior orders requiring the father to pay excess dental or medical expenses incurred by the son. A prior decree may be modified to require a parent to pay for a child's orthodontic treatment if it is in the best interests of the child. Nelson v. Nelson,421 So.2d 120 (Ala.Civ.App. 1982).
Based on the information regarding the father's financial ability to meet the needs of his son, and the parties' agreement that the treatment is necessary and in the best interests of the child, we find that it was an abuse of discretion for the trial court to refuse to require the father to contribute to this necessary expense for his son. Accordingly, we remand for the trial court to enter an order requiring the father to pay a portion of his son's expenses for orthodontic treatment.
Next, the mother argues that the trial court erred in refusing to require the father to contribute to the college expenses of the parties' daughter. In Ex parte Bayliss,550 So.2d 986 (Ala. 1989), our Supreme Court set out certain factors for the trial court's consideration involving the payment of post-minority support for college education. All reasonable and necessary relevant factors should be considered, including, primarily, the financial resources of the parents and the child, and the child's commitment to and aptitude for a college education. Ex parte Bayliss, supra. Further, trial courts may consider the standard of living the child would have enjoyed if the divorce had not occurred, as well as the child's relationship with his or her parent. Ex parte Bayliss, supra.
Where evidence is presented ore tenus in post-minority cases, the trial court's judgment is presumed to be correct and will be reversed only upon a showing that the trial court abused its discretion, or that its determination is plainly and palpably wrong. Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990).
The record reflects that the daughter possessed the scholastic aptitude for college, and, at the time of the hearing, she was enrolled at the University of Kentucky, where she was a dean's list student. The father was neither consulted nor advised in advance of the daughter's college education plans. The mother testified that she had arranged for loans to pay the daughter's college expenses, and that she was providing additional financing for the daughter's second year. The daughter also was granted a partial scholarship from her stepfather's employer for her first year. There was evidence presented that the cost for the daughter's first three semesters, covering tuition, room and board, and meals, averaged approximately $4,000 each semester.
Both parents attended college, and the father testified that he contributed to his oldest child's college education. It appears that if the parties had remained married, the daughter would be attending college with the financial support of both parents.
The father testified that he had a strained relationship with his daughter. There is evidence, however, that the father's conduct contributed to that estrangement. The fact that the father and the daughter have a strained relationship does not preclude the daughter from having an opportunity to obtain a college education. Thrasher, supra. In Thrasher, supra, we discussed our Supreme Court's financial criteria pertaining to a Bayliss decision and stated that
 "[a] parent has a legal duty to provide or aid in providing a college education for his/her child if the child demonstrates the ability and willingness to attain a higher education and the parent has sufficient estate, earning capacity, or income to provide financial assistance without undue hardship to himself." (Emphasis added.) *Page 32 
Thrasher at 841. We further noted that undue hardship does not mean without any personal sacrifice, as "[m]ost parents who send their children to college sacrifice to do so." Thrasher at 841.
The father asserts that his financial situation precluded him from contributing to his daughter's education. He frankly admits that he has squandered a fortune through extravagant living within a matter of less than five years. He has remarried twice and fathered four more children since he divorced the mother. His profligate spending is graphically shown by the thousands of dollars charged to numerous credit card accounts, which carry high interest rates. The record disclosed that he apparently obtained unlimited credit on various accounts and notes. His home is mortgaged for more than $260,000, and he has monthly mortgage payments of more than $1,800. He owns assets, including a boat appraised at over $30,000, vehicles, and corporate stock.
Based on the foregoing, it appears that the trial court abused its discretion in failing to order the father to contribute to the cost of his daughter's college education. Additional evidence may be submitted concerning the specific needs of the daughter and her specific educational expenses, considering, inter alia, the impact of the daughter's scholarship funds, and the father's ability to meet those needs absent undue hardship.
The mother next argues that the trial court erred in refusing to award her attorney fees. She specifically contends that the trial court erred in refusing to award her attorney fees and expenses for securing an order to compel discovery pursuant to Rule 37(a)(4), A.R.Civ.P., and for seeking the modification.
The mother's motion to compel discovery was granted by the trial court. Subsequent to the grant of the motion, the mother requested that she be awarded attorney fees and expenses which she incurred in obtaining the order. At the hearing, the mother presented evidence that she had expended $890 in attorney fees to pursue the matter. There is nothing in the record indicating that the father presented any evidence justifying his failure to timely comply with the discovery motion. Therefore, pursuant to Rule 37(a)(4), A.R.Civ.P., we reverse and remand that issue for the trial court to enter an order awarding the mother attorney fees, or for a finding that an award of the expenses is unjust. Further, in view of the outcome of this appeal, the trial court on remand is directed to reconsider the mother's request for attorney fees in seeking the modification.
The mother's final argument concerns whether the trial court erred in failing to issue a rule nisi to determine if an arrearage should be assessed. That was not an issue at trial, but it was raised for the first time in the mother's post-judgment motion. In brief, the mother explains that the only reason she addresses this issue on appeal is "to avoid any claim of waiver or estoppel of this issue in the future." When dealing with past-due child support, the principle of estoppel has no basis for application. Frasemer v. Frasemer,578 So.2d 1346 (Ala.Civ.App. 1991). The mother's failure to pursue the arrearage issue at trial does not preclude her from doing so in the future. Frasemer, supra.
The mother's request for attorney fees on appeal is granted in the amount of $1,000.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.