THIGPEN, Judge.
This post-divorce action involves child support and visitation.
James Ronald Wells (father) and Mary Catherine Connolly McNeal (mother) divorced in 1983. In October 1992, the mother filed a petition, seeking, among other things, a modification order increasing the father’s child support obligation for the parties’ two children. At the ore tenus proceeding, the father also presented an issue regarding visitation with the younger child. The trial court entered an order that, inter alia, determined the father’s child support obligation for the younger child to be $750 per month, pursuant to the guidelines of Rule 32, Ala.R.Jud.Admin.; denied the father’s requested visitation schedule; ordered the father to be responsible for 50% of the post-minority support for college expenses for the older child; and ordered the father to be responsible for 50% of the younger child’s college expenses should she later enroll in college. The father appeals.
The father raises the following issues: (1) whether the trial court erred in calculating his child support obligation pursuant to Rule 32, Ala.R.Jud.Admin.; (2) whether the trial court erred in ordering the father responsible for certain college expenses for a child that was only 14 years old at the time of the proceedings; and (3) whether the trial court erred in denying the father’s requested visitation schedule with the younger child.
The judgment in this case followed the presentation of ore tenus evidence, and it comes to this court clothed with a presumption of correctness. Therefore, that judgment will not be reversed on appeal if it is supported by competent evidence, unless it is shown to be plainly wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). Furthermore, absent an abuse of dis cretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).
The father first argues that the trial court erred in calculating his child support obligation pursuant to Rule 32, Ala.R.Jud.Admin. He contends that the trial court failed to deduct certain business expenses, and that his income had been fixed since September 1992 when he filed for bankruptcy.
Child support and its subsequent modifications rest soundly within the trial court’s discretion, and rulings in that regard will not be reversed absent a showing that the trial court abused its discretion. See Dinkel v. Dinkel, 598 So.2d 918 (Ala.Civ.App.1991). Our review of the record on appeal reveals information regarding the father’s in come for a period of more than two years preceding this action which the trial court used in calculating the father’s obligation. There was testimony from the father regarding his employment history, his income, and his ability to.earn, that supports the trial court’s conclusions regarding his earning *61 ability and its calculation of his obligation pursuant to the guidelines of Rule 32, Ala.R.Jud.Admin.
The father specifically argues that the trial court failed to allow him deductions for business expenses that would lower his gross income for purposes of calculating the child support obligation. Rule 32(B)(3), Ala.R.Jud.Admin., addresses what may be considered by the trial court as business expenses for purposes of determining self-employment income. It specifies that the deduction for expenses “does not include ... any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.” Rule 32(B)(3)(ii), Ala.R.Jud.Ad-min. We have carefully and thoroughly reviewed the financial data provided to the trial court by the father and by others. Although the father’s real estate business did cause the father to incur some business expenses, the appropriateness of those expenses is a determination left to the discretion of the trial court. See Holman v. Oakley, 595 So.2d 905 (Ala.Civ.App.1992); see also Klapal v. Brannon, 610 So.2d 1167 (Ala.Civ.App.1992). Furthermore, the father’s claim that he is on a “fixed income” since claiming bankruptcy is not supported by the evidence regarding the father’s lifestyle. The record would support a conclusion that the father failed to provide rehable information regarding his income and expenses. Additionally, child support is based upon the needs of the child and the obligor’s ability to pay, i.e., his earning capacity, as opposed to his actual earnings. Cherry v. Clark, 595 So.2d 909 (Ala.Civ.App.1992). See also Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991), and Perry v. Perry, 550 So.2d 1022 (Ala.Civ.App.1989). The trial court’s order clearly states that it determined the father’s child support obligation pursuant to the guidelines of Rule 32, Ala.R.Jud.Admin., “based on the average gross monthly income of the [father] for the last two and one-half years.” The record supports that determination and we find no error here.
Next, the father alleges error in the trial court’s order requiring him to pay 50% of the younger child’s post-minority educational expenses for tuition, room, and board. He argues that this award is premature because the child was only 14 years old at the time of the proceeding. We agree. Although, in the interest of judicial economy, it may seem appropriate for a trial court to make that determination while the parties are already before it on other matters, such is not proper here. Murrah v. Turnipseed, 578 So.2d 1340 (Ala.Civ.App.1991). At this juncture, the appropriate factors cannot be reasonably ascertained to make a determination regarding college expenses for this child, and that portion of the judgment must be reversed. On remand, the trial court may choose to expressly retain jurisdiction of this matter for future consideration.
Last, the father argues that the trial court erred in its denial of his requested visitation schedule. The matter of visitation, like custody and other matters concerning children of divorce, is left to the sound discretion of the trial court, and that determination will not be reversed absent abuse of discretion or unless it is unsupported by the evidence. Wyatt v. Wyatt, 549 So.2d 1351 (Ala.Civ.App.1989). In determining visitation for noncustodial parents, the trial court is guided by the best interests of the child. The record contains ample evidence concerning this father/ehild relationship that supports the trial court’s judgment, and the father has failed to show error on appeal.
Based on the foregoing, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., concurs in part and dissents in part.