CRAWLEY, Judge.
The parties were divorced in 1993. The mother was awarded custody of the two children bom of the marriage, ages four and *1388 one, and the father was ordered to pay $530 per month in child support.
In 1995, the father filed an action to modify the divorce judgment. He alleged that, since the time of the divorce, the mother’s income had increased and his own living expenses had increased, thereby constituting a material change in circumstances warranting a reduction in child support. The mother answered, denying that circumstances had materially changed since the time of the divorce, and counterclaimed for past due child support, seeking an order finding the father in contempt for nonpayment.
After an ore tenus proceeding, the trial court found the father in contempt, determined that the father had a child support arrearage of $772, and reduced the father’s monthly child support payment to $330. The mother appeals, arguing that the evidence did not support a reduction in the father’s child support obligation. We agree.
The father is in the Coast Guard. At the time of the divorce, he was stationed in Mobile. When he filed this modification action, he had been transferred to Indian Rocks, Florida. The father alleged that his living expenses had increased substantially since he moved to Florida, but he presented no evidence to support that allegation. In fact, he offered no evidence at all concerning his living expenses. On direct examination, he testified that he was “making the same amount of money [as he made] at the time of the divorce.” The father’s CS^42 Form (see Rule 32, Ala. R. Jud. Admin.) filed at the time of the divorce listed his monthly gross income as $1,849. On cross-examination, the father conceded that he was earning more money than he earned at the time of the divorce: He agreed that he was making “before taxes, [approximately] $2000 a month.” However, the CS — 42 Form he filed in this modification proceeding listed his monthly gross income as $1,431.
In ordering a reduction in the father’s child support obligation, the trial court used the figure of $1,590 for the father’s monthly gross income. We are at a loss to understand how the trial court arrived at that figure, because it is not supported by any of the oral testimony or documentary evidence presented to the court.
The mother testified that she was making $2,000 to $3,000 more per year than she made at the time of the divorce. This increase in the mother’s income does not activate the “10% variance” provision of Rule 32(A)(3). Rule 32(A)(3)(b) states:
“There shall be a rebuttable presumption that child support should be modified when the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child support award resulted from a rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines.”
A prior child support award may be modified only on proof of changed circumstances. Osborn v. Osborn, 628 So.2d 785 (Ala.Civ.App.1993). The burden of proof rests on the party seeking the modification. Cherry v. Clark, 595 So.2d 909 (Ala.Civ.App.1992).
Here, we have an absence of evidence to support the trial court’s modification order. As in Argo v. Argo, 467 So.2d 258, 260 (Ala.Civ.App.1985), “the facts are inadequate to justify modification of child support.” The father simply failed to meet the requisite burden of proof. As we noted in Argo, “[t]he proven facts are insufficient evidence of a material change in circumstances of the parties upon which to base the modification of the judgment as to child support. We, therefore, find the order reducing the child support payments is not supported by the evidence and is contrary to law.” Id.
The mother argues that the trial court erred by failing to include the undisputed child care costs in determining the father’s support obligation. We agree. The guideline form in the record omits child care costs, and that omission means that the support order does not comply with Rule 32(B)(8), Ala. R. Jud. Admin. See McDavid v. McDavid, 627 So.2d 446, 448 (Ala.Civ.App.1993). However, because the father did not meet his burden of proof with regard to the requested modification, the prior support order (which clearly does include child care *1389 costs) is due to be reinstated; and thus, there is no need to remand this cause for the trial court to recalculate the father’s support obligation.
The mother does not challenge the trial court’s finding that the father had a child support arrearage of $772. That portion of the judgment is, therefore, affirmed. However, that portion of the judgment reducing the father’s support obligation is reversed, and we render a judgment reinstating the prior support order.
AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.