PITTMAN, Judge.
Walter Allen McCollum (“the husband”) and Gretchen Sobelton McCollum (now Gretchen Sobelton Spurlock) (“the wife”) divorced in 1996. They have two children, a son and a daughter. The divorce judgment incorporated an agreement of the parties, which provided, in pertinent part, that the husband would pay $600.00 per month .per child in child support until the August following each child’s graduation from high school. At that time, the child support would be reduced to $300.00 per month per child until each child either graduates from college or reaches the age of 25, whichever occurs first. The agreement also provided that the husband would pay 70% and the wife would pay 30% of each child’s “college tuition, books, food, fees, lodging, transportation, fraternity and sorority expenses, spending money, clothing, and other normal college expenses for each child to the college or university of each child’s choice.” The agreement further provided that if either party did not comply with the divorce judgment, then the noncomplying party would be responsible for the payment of attorney fees and costs incurred in enforcing the judgment.
In October 1999, the husband filed a motion to terminate his child-support obligation for the then 20-year-old son who had married in September 1999. The trial court issued an order terminating the husband’s child-support obligation for the son unless the wife objected. The wife filed an answer objecting to the termination of the husband’s child-support obligation for the son, citing the agreement incorporated into the divorce judgment requiring the husband to pay child support for each child until the child finishes college or reaches age 25. ' The wife filed a petition to hold the husband in contempt for his failure to comply with, among other things, the divorce judgment’s child-support and college-expense obligations. The wife also filed a petition to increase the husband’s child-support obligation. The husband amended his petition to terminate his child-support obligation for the son and petitioned to terminate his child-support obligation for the daughter and either to terminate or to reduce his obligation for the daughter’s college expenses.
Following a bench trial, the trial court, among other things, awarded the wife $10,842.88 as 70% of the college expenses she had paid for the son less $8,700, representing child support the husband had paid from August 1998 through December 2000. The trial court also awarded the wife $3,047.34 as 70% of the college expenses she paid for the daughter. The trial court terminated the husband’s child-support obligation as to both children. The trial court also denied the husband’s request to terminate his obligation for college expenses; it further ordered the parties and the children to prepare and agree upon college-expense budgets and maintained the 70%/30% division of the college expenses between the husband and the wife. The wife filed a postjudgment motion, which the trial court granted in part and, specific to the issues in this appeal, stated that the $8,700 deduction from the $10,842.88 awarded to the wife for the son’s college expenses is “not a retroactive modification of child support but is a deduction in the total amount of college expenses to be paid by [the husband] during the stated period.”
The wife appeals. She argues that the trial court erred (1) in calculating the amount the husband owes her for the son and daughter’s college expenses; (2) by failing to award interest on the husband’s *913 college-expense arrearage; (3) by terminating the husband’s child-support obligation as to both children; (4) by ordering the parties to agree to a budget for the children’s college expenses; (5) by not finding the husband in contempt; and (6) by not awarding her any attorney fees.
The wife first argues that the trial court erred in calculating the amount the husband owes her for the children’s college expenses. The trial court found that the husband owed $10,842.88 toward the son’s college expenses, and $3,047.34 toward the daughter’s college expenses. The wife argues that these amounts are incorrect; however, each of these amounts is supported by the evidence, particularly the wife’s testimony.
The trial court also credited $8,700 toward the husband’s $10,842.88 obligation for the son’s expenses. The wife argues that allowing this credit impermissibly modifies past-due child support. We agree. Although the trial court stated in its ruling on the wife’s postjudgment motion that it was not modifying past-due child-support payments, the record reveals that that is the exact effect of the $8,700 credit. The divorce judgment ordered the husband to pay $300 in child support after the son graduated from high school and ordered him to pay 70% of the son’s college expenses. The record indicates that the husband paid $8,700 in child support, but accumulated the $10,842.88 arrearage for college expenses. By the terms of the divorce judgment, the husband was required to pay child support and 70% of the college expenses. The trial court misinterpreted the divorce judgment by allowing the husband to credit one amount he was obligated to pay toward another amount he was obligated to pay. Therefore, that portion of the trial court’s judgment awarding the husband an $8,700 credit is reversed, and the trial court is instructed to remove the credit from its calculation of the husband’s arrearage.
The wife also argues that the trial court erred by not awarding her any interest on the husband’s arrearage for past-due college expenses. We agree. It is reversible error for a trial court to fail to award interest on a child-support ar-rearage. State Dep’t of Human Res., 644 So.2d 21 (Ala.Civ.App.1994). The principles that apply to child support also apply to postminority educational support. Stinson v. Stinson, 729 So.2d 864 (Ala.Civ.App.1998). Therefore, the trial court erred by not awarding interest on the husband’s arrearage for the children’s college expenses. On remand, the trial court is instructed to calculate and award interest on the arrearage.
The wife next argues that the trial court erred by terminating the husband’s child-support obligation as to both children. The divorce judgment incorporated the husband’s agreement to pay child support beyond the children’s majority, specifically until they graduated from college or turned 26, whichever occurs first. The husband filed his petition to terminate the son’s child support in 1999 when the son was 20 years old. The husband filed his petition to terminate the daughter’s child support in 2000 when the daughter was 18. The trial court entered its judgment terminating child support as to both children in 2001, after the daughter turned 19. This portion of the trial court’s judgment provides prospective relief only.
 A petition to modify or decrease a child-support judgment may be granted only upon a showing of a change in circumstances. Osborn v. Osborn, 628 So.2d 785 (Ala.Civ.App.1993). The party seeking the modification has the burden to prove that a change of circumstances has occurred. *914 Cherry v. Clark, 595 So.2d 909 (Ala.Civ.App.1992).
We conclude that the husband did present evidence of a change of circumstances to justify a modification of the judgment and to terminate his child-support obligation. The husband presented evidence indicating that his income had increased only slightly (about two percent) in the four years since the divorce judgment. He also presented evidence indicating that the wife’s income had substantially increased due to an increase in the income she receives from a trust established by her father. The record indicates the trust income increased from about $32,000 to $45,000 per year. Therefore, we conclude that the trial court did not abuse its discretion by terminating the husband’s child-support obligation.
The wife next argues that the trial court erred by ordering the parties to establish an agreed-upon budget as to the children’s future college expenses. She suggests that the trial court should have formulated a budget itself and ordered the parties to comply with it. We conclude that it is within the trial court’s discretion to encourage the parties to try to reach an agreement before another modification proceeding is instituted. If the parties fail to establish an agreed-upon budget, nothing would prevent either party from seeking to clarify, enforce, or modify the trial court’s judgment as to particular college expenses.
The wife further argues that the trial court erred by not holding the husband in contempt for his failure to comply with the divorce judgment and for causing the wife to enforce the divorce judgment. We disagree. It is completely within the trial court’s discretion either to find or not to find a party in contempt. See Cavender v. State Mut. Ins. Co., 748 So.2d 863, 868 (Ala.1999), and Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App.1994). While the evidence indicates that the husband accumulated an arrearage for the children’s college expenses, we defer to the trial court’s implicit finding that the husband’s behavior was not sufficient to warrant the imposition of contempt. Therefore, we affirm the trial court’s judgment insofar as it did not find the husband in contempt.
We lastly address the wife’s argument that the trial court erred by not awarding her attorney fees. As stated above, the divorce judgment provided that if either party did not comply with the divorce judgment, then the noncomplying party would be responsible for attorney fees and costs incurred in enforcing the judgment. The wife argues that the husband’s arrearage for college expenses is undisputed evidence indicating that he has not complied with the divorce judgment and that he should pay for her attorney fees and costs in enforcing the judgment. We disagree. The husband has successfully sought a termination of his child-support obligation. Also, other issues addressed by the trial court and not raised on appeal have been resolved in the husband’s favor. Therefore, we conclude that the trial court did not abuse its discretion by not awarding the wife attorney fees. See Bush v. Bush, 784 So.2d 299 (Ala.Civ.App.2000) (affirming trial court’s judgment awarding the wife no attorney fees).
The trial court’s judgment is affirmed as to terminating the husband’s child-support obligation, ordering the parties to agree to a budget as to the children’s college expenses, not finding the husband in contempt, and not awarding the wife attorney fees. The trial court’s judgment is reversed as to its calculation of the husband’s arrearage for college expenses. In calculating the arrearage, the trial court *915 should include interest on the arrearage. The cause is remanded for proceedings consistent with the opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs.
YATES, P.J., and THOMPSON and MURDOCK, JJ., concur in the result.