Maria Lynn Kelly ("the mother") petitioned to modify her divorce judgment, specifically seeking an increase in child support. After holding four ore tenus hearings, the trial court entered a judgment in favor of the mother. David Alan Kelly ("the father") appeals, arguing that the trial court erred in modifying his child-support obligation. We affirm.
 I.
On January 11, 1999, the trial court entered a divorce judgment based upon the agreement of the parties that the father *Page 425 
would pay $1,095 per month in child support to the mother, who had been granted primary physical custody of the parties' two minor children, then ages 4 and 10. At that time, the father had gross monthly earnings of approximately $5,682 and the mother had gross monthly earnings of $2,684.92, according to their Form CS-41 Child Support Obligation Income Statement/Affidavits. The mother estimated that she spent $227.61 a month in day-care expenses for the children, and the father claimed that he spent $83.41 a month for health-care insurance premiums for the children.
On September 25, 2002, the mother filed a petition to increase the child-support obligation of the father, alleging that the financial needs of the children had increased and that the father could pay more because his income had increased. In response, the father agreed that his child-support obligation should be recalculated to account for changes in the parties' incomes and in the children's day-care and health-insurance costs. In 2004, the father submitted a new CS-41 form showing that he earned a gross income of $7,135.59 per month and that he spent $182.50 per month for health insurance for the children. The mother also filed a CS-41 form, in which she indicated that she earned $3,476.62 from her regular job and that she had temporarily earned $229.71 per month from other part-time employment. The mother claimed that she spent $3,151 per month for the children's living expenses. The father countered that the children's living expenses amounted to $1,433 per month.
The mother argued that the father should have included travel reimbursements he received from his employer in his gross monthly income, pursuant to Rule 32(B)(4), Ala. R. Jud. Admin. The father reported those travel reimbursements as income for tax purposes, but he presented evidence indicating that his employer required him to do so. The father asserted that the travel reimbursements did not reduce his personal living expenses and that, therefore, pursuant to Rule 32(B)(4), they should be excluded from his gross monthly income. Thus, he argued, his monthly gross income was $7,574.67 for 2003 and $7,135.59 for 2004.
On September 16, 2005, the trial court entered a final judgment ordering the father to pay $2,100 per month in child support; to maintain health, dental, and optical insurance on the children; and to pay 65% of the children's uninsured health-care costs. The trial court made its judgment retroactive to September 25, 2002 (the date the mother filed her petition), and it awarded the mother a lump sum of $36,360 as a child-support arrearage. In its judgment, the trial court concluded that the parties' combined gross monthly income had increased to more than $10,000. In reaching this conclusion, the trial court considered the father's tax documents showing that his gross annual income had increased to $74,886.31 in 2000, to $142,819.48 in 2001, to $147,716.76 in 2002, and to $140,288.60 in 2003; those amounts included the travel reimbursements. The trial court concluded that because the parties earned more than $10,000 per month, child support could not be calculated using the guidelines set out in Rule 32.
 II.
On appeal, the father argues that the trial court erred in calculating child support. "The modification of child support for changed circumstances is a matter strictly within the trial court's discretion. The trial court's decision will not be disturbed on appeal unless there is an absence of supporting evidence and an abuse *Page 426 
of discretion." Osborn v. Osborn, 628 So.2d 785, 786
(Ala.Civ.App. 1993). "Under the ore tenus rule, the trial court's judgment is presumed correct and this court will not reverse the judgment absent a showing that the trial court's findings are plainly and palpably wrong or that the trial court abused its discretion." Tompkins v. Tompkins, 843 So.2d 759, 764
(Ala.Civ.App. 2002). "`"[I]n the absence of specific findings of fact, appellate courts will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous."'" Geisenhoff v.Geisenhoff, 693 So.2d 489, 491 (Ala.Civ.App. 1997) (quotingEx parte Patronas, 693 So.2d 473, 475 (Ala. 1997), quoting in turn Ex parte Bryowsky, 676 So.2d 1322, 1324
(Ala. 1996)). "`[T]his court is not permitted to reweigh the evidence on appeal or to substitute its judgment for that of the trial court.'" Schiesz v. Schiesz, 941 So.2d 279, 289
(Ala.Civ.App. 2006) (quoting Sellers v. Sellers,893 So.2d 456, 461 (Ala.Civ.App. 2004)).
The father contends the trial court should not have included his travel reimbursements in determining his gross monthly income. The father concedes, however, that even if the travel reimbursements are not considered, the parties' combined gross monthly income would exceed $10,000. The law is well settled that when the parties' combined gross monthly income exceeds $10,000, the trial court may use its discretion in calculating child support and its decision will be subject to reversal only upon a finding that the trial court exceeded its discretion. InTenEyck v. TenEyck, 885 So.2d 146 (Ala.Civ.App. 2003), this court said:
 "`When the combined adjusted gross income exceeds the uppermost limit of the child support schedule, the amount of child support awarded must rationally relate to the reasonable and necessary needs of the child, taking into account the lifestyle to which the child was accustomed and the standard of living the child enjoyed before the divorce, and must reasonably relate to the obligor's ability to pay for those needs. To avoid a finding of an abuse of discretion on appeal, a trial court's judgment of child support must satisfy both prongs.'"
885 So.2d at 157 (quoting Dyas v. Dyas, 683 So.2d 971,973-74 (Ala.Civ.App. 1995), aff'd and remanded, 683 So.2d 974
(Ala. 1996)).
Because we find that the trial court's judgment satisfies both of the required prongs recited above, we find no error in the trial court's calculation of child support. As to the first prong, the trial, court concluded that the financial needs of the children had materially increased since the time of the divorce. That finding is supported by the record. The father even admitted that the children's needs had increased. The only dispute between the parties was the amount of the increase, with the mother claiming $3,151 in monthly living expenses and the father asserting that the correct amount was $1,433. The trial court awarded $2,100 in child support, a figure well within its discretion.
As to the second prong, we note that the father does not claim that he is financially unable to pay the increased child support. The evidence in the record shows that, at the time of trial, the father, in addition to earning at least $7,135.59 per month, owned a home in which he had $21,000 in equity, had $35,000 in various bank accounts, and maintained a retirement annuity worth approximately $135,000 to $140,000. This evidence demonstrates that the father is able to pay the increased child support, as well as the arrearage, and that the award "reasonably relate[s] to the *Page 427 
[father's] ability to pay for [the children's] needs."TenEyck, 885 So.2d at 157.
The father assigns several other grounds of error on appeal; however, the father has failed to cite any legal authority beyond general legal propositions with regard to any issue other than his contention that the court erred in calculating his income. Therefore, we decline to address those remaining issues, and we affirm the trial court's judgment in all respects. See Rule 28(a)(10), Ala. R.App. P.; S.B.v. Saint James School, 959 So.2d 72, 89 (Ala. 2006) ("[G]eneral propositions of law are not considered `supporting authority' for purposes of Rule 28. . . . `"[W]here an appellant fails to cite any authority for an argument, this Court may affirm the judgment as to those issues, for it is neither this Court's duty nor its function to perform all the legal research for an appellant."'").
The mother's request for the award of an attorney fee on appeal is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.