This is a divorce case.
The wife petitioned for divorce on the ground of incompatibility, and after an ore tenus proceeding, the trial court divorced the parties, and, inter alia, awarded the wife $1000 per month as periodic alimony and possession of the marital home with the husband paying the mortgage. The husband was ordered to maintain life insurance with the wife as beneficiary and also was ordered to pay some of the unsecured debts. A hearing was held on the husband's posttrial motion, and, consequently, an amendment was ordered clarifying parts of the earlier decree concerning the insurance and maintenance of the home. The other relief the husband requested was denied, and he appeals.
The husband raises several issues on appeal concerning the award of alimony and the property division. Specifically, he contends *Page 1093 
that the trial court abused its discretion in the amount of periodic alimony and in requiring the husband to be responsible for certain debts, to carry life insurance, and to make the mortgage payments.
We note that the judgment of the trial court is based on ore tenus evidence and is afforded a presumption of correctness.Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988). It is well settled that the trial court has broad discretion in determining a property division and in awarding alimony pursuant to divorce and that such determinations are to be reversed only for an abuse of that discretion. Weatherly v.Weatherly, 469 So.2d 653 (Ala.Civ.App. 1985).
The husband contends that the trial court failed to properly consider factors relevant to the determination of what awards, if any, should be ordered for the benefit of the wife. Specifically, he contends that there was no evidence offered to support the alimony award, which he claims to be excessive. He argues that the ordered payments "combine to a figure representing 46.6% of [his] disposable income" leaving him with approximately $500 per month on which to live.
The husband also contends that the trial court abused its discretion in requiring him to make the entire house payment "for the benefit of the wife." We note that the trial court ordered the husband to pay the mortgage and that the wife was given the use and possession of the home. The parties were ordered to share equally the financial responsibility for the "major reconstruction or repairs," taxes, and insurance. The wife bears the responsibility for minor repairs and upkeep. Both parties continue to build equity in the home. When the home is sold, the parties will divide the proceeds equally.
The trial court has no rigid standards on which to base the determination of alimony and the division of property but is free to consider facts and circumstances unique to each individual case in fashioning an award. Some of the factors the trial court can consider are: future prospects of the parties, their ages, health, station in life, length of the marriage, and the conduct of the parties in regard to the cause of the divorce. Weatherly, supra.
In this case, there was evidence before the trial court that the wife of over 20 years has been disabled from a work injury with little prospect for returning to fulltime work due to her health. The record reveals that during the marriage, the husband traveled to various job sites, leaving the wife alone, for extended periods to maintain the marital home. The husband testified that many of the debts were incurred by his investment in a corporation in which he owns stock. He testified that his wife was not obligated on any of that debt and had no knowledge of his investment in the corporation.
No legal purpose would be served to detail further the facts or contentions here. There exists a multitude of case law on this subject and, clearly, the matters of which the husband complains lie soundly within the discretion of the trial court.Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
Our careful review of the record reveals no abuse in the property division or alimony award, but reveals more than ample evidence to support the judgment of the trial court. Accordingly, we conclude that the trial court did not commit error or abuse, and the judgment of the trial court is due to be affirmed.
The wife's request for an attorney's fee on appeal is granted in the amount of $500.
AFFIRMED.
INGRAM, PJ., and RUSSELL, J., concur. *Page 1094