575 So.2d 1122 (1991)
Ex parte Cherry R. BAYLISS.
(Re Cherry R. BAYLISS
v.
John Martin BAYLISS).
1900343.
Supreme Court of Alabama.
February 22, 1991.
Frank M. Bainbridge of Bainbridge, Mims & Rogers, Birmingham, for petitioner.
Stephen R. Arnold of Durward & Arnold, Birmingham, for respondent.
Prior report: Ala.Civ.App., 575 So.2d 1117.
STEAGALL, Justice.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ADAMS and KENNEDY, JJ., concur.
ALMON, SHORES and HOUSTON, JJ., dissent.
HOUSTON, Justice (dissenting).
I would grant the petition for the writ of certiorari. Because Patrick Bayliss had no guardian ad litem[1] when his parents' divorce was granted, it is now necessary for the trial court to determine what kind of education Patrick would have received had there been no divorce. Patrick is an outstanding young man. See Ex parte Bayliss, 550 So.2d 986 (Ala.1989). The divorce judgment awarded custody and the responsibility for Patrick's education to his mother, and this provision of the divorce was never modified. Patrick's attempts to talk with his father about college ended when his father refused to provide any financial support for Patrick to attend any college. Patrick, his mother, and the advisors at Altamont School (the private high school Patrick attended) investigated 23 colleges and universities. After consultation with the school officials, Patrick and his mother decided that the best college for Patrick was Trinity College. There are no facts to support a finding that the mother's decision *1123 concerning Trinity College was reached for a vindictive purpose or that, for any reason, it was clearly not the best choice for Patrick.
Mr. Bayliss earns 90.6% of Mr. and Ms. Bayliss's combined income. If he contributed a pro rata share (90.6%) toward Patrick's expenses at Trinity College, Mr. Bayliss would pay only 6% of his income (less than state and local sales tax) for Patrick's education. This certainly is not too great a burden.
Perhaps my judgment is influenced by events in my life, but "[w]hat other judgment can I judge by but my own?"[2] I am an Auburn University graduate, and I rejoice in that fact. However, when advisors recommended that my daughter attend Duke University for undergraduate school and that my son attend the University of Virginia for undergraduate school and Yale University for graduate school, and my children wanted to attend those universities, my wife and children and I, as a family unit, decided that my children should attend those universities. The cost of attending those schools was considerably more than the cost of attending Auburn University or any of our other fine state universities and colleges, and it was considerably more than 6% of my income for each child to attend those universities. This certainly is not said as a put-down of our state universities and colleges, for my niece, who is valedictorian (an honor neither of my children earned) at Eufaula High School, Class of 1991, will attend Auburn University as a freshman in engineering in the fall of 1991. This was a decision reached by her family unit, with her consent, and upon the recommendation of advisors. Patrick and his mother, as the remainder of their family unit, upon the recommendation of advisors, chose Trinity College for Patrick. Therefore, it is difficult for me to see why the Baylisses, as a family unit, would not have acceded to the recommendations of the advisor and the wishes of Patrick, if the family had not been separated by divorce.
I do not believe that either parent's contribution to a child's college education should be limited to the cost of attending a state university. The first question should be: What can the parents reasonably afford? After that has been ascertained, the trial court must decide what college or university the family unit probably would have selected if there had been no divorce. In this case, I think it would have been Trinity College.
I would grant the writ. Therefore, I dissent.
NOTES
[1] I believe that the interests of the children of a marriage must be a major concern in divorce actions, and I believe that a trial court has a right to appoint a guardian ad litem to represent minor children's interests, if the trial court has any concern that the parents are looking out only for their own, and not their children's, interests.
[2] George Barnard Shaw, St. Joan.