The husband and the wife in this case were divorced by order of the trial court. Pursuant to the divorce decree, the husband was ordered to pay $1,300 per month in child support for the parties' minor children and alimony in the amount of $700 per month for the next three years. The trial court also divided the property of the parties.
The husband appeals, asserting that the trial court erred in its calculation of child support and also in its awards of alimony and property to the wife.
Concerning the child support award in this case, the husband asserts that the trial court erred in three respects: in determining the amount of the husband's income for purposes of applying the child support guidelines, in not reducing the child support obligation by the amount of the social security benefits received by the oldest daughter (this child's natural mother, the husband's first wife, was deceased and the present wife had adopted the child), and in setting the wife's income at zero for purposes of applying the child support guidelines.
Initially, we note that pursuant to the child support guidelines, income means actual gross income of a parent. Rule 32(B)(1), Alabama Rules of Judicial Administration. Further, Rule 32(E), ARJA provides that a standardized child support obligation income statement/affidavit shall be filed in an action to establish child support. However, the rule also provides that these income statements
 "shall be verified with documentation of both current and past earnings. . . . Documentation of current earnings shall be supplemented with copies of the most recent tax return to provide verification of earnings over a longer period or such other documentation as directed by the court."
Rule 32(F), ARJA.
Although the husband asserts on appeal that his income is only $4,200 per month, as evidenced by his income affidavit/statement, we note that the trial court calculated his obligation based on an income of $5,200 per month. After having examined the record, we cannot find error in. the trial court's use of the higher amount. The husband's tax return for 1988 indicated his annual income was over $60,000. No tax return for 1989 was available.
The wife testified that the husband had told her to base their standard of living on an income of around $77,000 a year. She also testified that the family tithed ten percent of their income to church and that their tithe amount for 1990 was $6,600.
When a trial court is presented ore tenus evidence, its judgment will be presumed correct and will not be disturbed on appeal, unless it is shown to be plainly and palpably wrong.Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988). We cannot find that, based on the evidence, *Page 653 
the trial court erred in determining the husband's monthly income to be $5,200.
Next, the husband contends that the trial court erred in allowing the daughter's social security benefits to be paid directly to the wife. Specifically, he maintains that his child support obligation should have been based on the amount owed four children and then that the daughter's benefits check should have been deducted from that amount. To clarify, the amount owed for four children, where the parents' combined gross income is $5,200, is $1481 per month. Appendix, Rule 32, ARJA. The husband would then have the trial court deduct from that amount the $249 received in social security benefits. This would make his child support obligation $1232 per month.
We note, however, that the trial court only calculated the husband's child support obligation based on three children, which resulted in a child support obligation of $1307 per month; however, the trial court rounded the amount to an even $1,300. The daughter who receives the social security was not included in the child support calculations. Specifically, the trial court's order contained the following notation:
 "Difference between obligation for 4 children and 3 children is $171. [Our computations reflect a difference of $174.] Wife will receive social security benefits for fourth child (Jeannie) in the amount of $249 which is in excess of the obligation attributable to said child. Support is therefore determined based on 3 children."
We would also note that actions concerning child support that are filed on or after October 9, 1989, although guided by the mandatory application of Rule 32, ARJA, are still committed to the sound discretion of the trial court, and its decision on such matters will not be disturbed on appeal absent a finding that the trial court's award is a palpable abuse of its discretion. Belser v. Belser, 558 So.2d 960
(Ala.Civ.App. 1990). We find no abuse of discretion in the trial court's calculation of support with regard to the oldest daughter's social security benefits.
Finally, the husband asserts that the trial court abused its discretion in its failure to impute any income to the wife. Specifically, he directs us to this language in Rule 32(B)(5), ARJA:
 "If the court finds that either parent is voluntarily unemployed or underemployed, it shall impute that parent's income and calculate child support based on that parent's potential income which would otherwise ordinarily be available. . . ."
The husband then cites us to record evidence which shows that the wife has a college education and that she had earned $25,000 in 1982 as a captain in the United States Air Force.
We note however, this additional language found at Rule 32(B)(5), ARJA:
 "The court may, in its discretion, take into account the presence of a young . . . child necessitating the parent's need to stay in the home and therefore the inability to work."
In short, in situations where there are young children, the court has the discretion to determine that the other parent should stay in the home rather than seeking employment outside the home. Once again, we cannot determine that the trial court erred in not imputing income to the wife.
There are four children involved in this divorce proceeding, ranging in age from 16 years to 3 years. The wife testified that she has not worked since the birth of the parties' first child. She further testified that her decision to stay at home reflected her husband's feelings of disdain for mothers who sent their children to day care. In view of this evidence and the discretion afforded the trial court under paragraph (B)(5) of Rule 32, ARJA, we cannot find that the trial court committed error in not imputing any income to the wife.
Finally, the husband argues that the trial court erred in its award of alimony to the wife and in its division of the parties' property. "It is well settled that the trial court has broad discretion in determining a property division and in awarding alimony pursuant to a divorce and that such determinations are to be reversed only for an abuse *Page 654 
of that discretion." Jones v. Jones, 560 So.2d 1092 at 1093 (Ala.Civ.App. 1990).
Further, the trial court has no rigid standards it must apply when making awards of alimony and dividing property.Jones. Instead, the trial court is free to consider the unique facts and circumstances of each case when fashioning its awards. Jones. One specific factor that the trial court may consider is the conduct of the parties. Jones. In this case, testimony was given that the husband was extremely cruel to both the wife and children. This element of fault could have properly entered into the trial court's awards. Jones. In fact, the trial court specifically noted in its order that it had "carefully considered the evidence presented with regard to the issue of fault between the parties . . . and finds that the actions of the husband were primarily responsible for [the marital] breakdown." The trial court noted that "[t]his attribution of fault [was] considered by the court with regard to issues of spousal support and property division."
Other evidence which would support the trial court's alimony award includes the fact that the parties were married ten years prior to the divorce; three children were born of the marriage; the wife has not worked since the birth of the parties' first child due to the husband's wishes, and the alimony awarded to the wife is labeled by the trial court as rehabilitative and lasts only three years. We would also note that in three years the parties' youngest child will be school age and that the court might have determined that by that time the wife could begin working outside the home again.
We cannot find that in view of these facts the trial court erred in its award of alimony to the wife in the amount of $700 per month for three years.
Concerning the husband's contention that the property division is an abuse of discretion, the well-settled law is that property divisions need not be equal, only equitable.Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). We have examined the record and find nothing to suggest that, in view of the fault of the husband in contributing to the breakdown of this marriage, the property division is inequitable.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.