ROBERTSON, Presiding Judge.
Yidmer Ann Greer Benbow (wife) and William S. Benbow, Jr. (husband) were married in April 1981. Three children were born of the marriage whose ages are now 8, 6, and 3 years respectively. The wife filed a complaint seeking a divorce, custody of the children, possession of the home-place, support for their minor children and herself, and the issuance of a restraining order against the husband. The husband filed an answer and a counterclaim requesting inter alia, custody of the children, reasonable rehabilitative alimony, and compensation for his equity in the homeplace.
Following an ore tenus proceeding on October 16, 1991, a judgment of divorce was entered dissolving the marriage. The judgment further granted custody of the three children to the wife; ordered the husband to pay $1,000 per month in periodic alimony and $1,000 per month in child support; awarded the wife the homeplace of the marriage with the husband paying $15,000 immediately toward the indebtedness on the homeplace and to pay the balance of the indebtedness; awarded the wife a Chevrolet Suburban and the husband a Cadillac Seville; ordered the husband to be responsible for the debts of the marriage, to maintain life insurance on his life in the amount of $50,000 for each child, to pay for one-half of the education of the minor children, to pay the wife $15,000 as alimony in gross, to repay to the father of the wife, Mr. Mac Greer, $5,000 representing money paid by Mr. Mac Greer for a debenture bond to the Country Club of Mobile; and, finally, the judgment ordered the husband to pay the wife’s attorney $5,000 representing a reasonable attorney’s fee. The husband appeals.
The husband contends on appeal that the trial court abused its discretion in awarding the wife excessive alimony in gross, excessive periodic alimony, excessive child support, and in its division of the marital assets.
As concerns these issues, it is well settled that matters such as these are well within the sound discretion of the trial court, and its judgment will not be reversed on appeal unless it is plainly and palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). The law in Alabama is well settled that “the trial court has broad discretion in determining a property division and in awarding alimony pursuant to a divorce and that such determinations are to be reversed only for an abuse of that discretion.” Jones v. Jones, 560 So.2d 1092, 1093 (Ala.Civ.App.1990).
Further, the trial court has no rigid standard it must apply when making awards of alimony and dividing property. Jones. Instead, the trial court is free to consider the unique facts and circumstances of each case when fashioning its awards. Jones. Property divisions in a divorce case do not have to be equal, only equitable. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Also, a trial court’s judgment in a divorce case presented ore tenus is presumed to be correct until it is shown to be plainly and palpably wrong or unjust. Ex parte Jackson, 567 So.2d 867 (Ala.1990).
The facts pertinent to this case are as follows: In 1985, the husband and wife bought a home in Mobile, Alabama. The wife testified that the parties separated in March 1991, due to the husband physically abusing the wife on March 11, 1991. The wife also testified that the husband began drinking and admitted having an extramarital affair which began in February 1990. The couple began counseling, but the husband later discontinued the sessions. The wife testified that the husband began having another extramarital affair with a woman that the husband worked with. When the wife confronted him with her suspicions, the husband denied having an affair. The husband denied having any extramarital affairs or physically abusing the wife.
The husband is a real estate broker and president of Benbow Real Estate. The husband borrowed money from the wife’s *1012 father to start this business around 1987. The husband is the president of the company, but the wife and her father and mother all have ownership interests in the business. The wife and her mother had operated a bridal consultant business, but the wife stopped working in 1990 because, she testified, working in that business required long and odd hours and was detrimental to the well being of the children.
Both the husband and the wife have received, over the years, substantial gifts and loans from their parents. The Lucille M. Hays Trust, the wife’s grandmother’s trust, was used by the husband and the wife to take out a loan for the purchase of a house which was later sold. The proceeds from the sale were used for the purchase of the present homeplace. The wife testified that the homeplace was appraised at $123,000, and the husband testified that his opinion as to the value of the homeplace is $148,000. Since the parties separated in March of 1990, the husband has received money from his grandmother’s estate in the amount of $98,000. The wife testified that some of this money was used to pay off credit cards and to buy life insurance policies for the children, but that she does not know what the husband did with the remaining money. The wife testified that the husband has an account outside the State of Alabama, and that he has moved money around into different accounts since the divorce proceedings began. The wife testified that the husband will continue to receive nine payments of $30,-000 twice a year from his grandmother’s estate.
The wife’s father opened a $50,000 account under the Uniform Gift to Minor’s Act for the benefit of the parties’ children. The wife’s name is on the account, and she testified that she intends to use the money for the children’s education. The wife testified that the couple agreed that their children would attend private elementary schools. The husband testified that private schooling is a luxury and that the money would be better spent on their children’s college education. At the time of trial only one of the children was attending school.
Mr. Felton Felder, an accountant for Benbow Real Estate since 1987, testified that in his opinion the husband is capable of earning $55,000 to $72,000 in gross earnings per year. He also testified that, based on the husband’s business in 1988 through 1989, his income increased from $44,998 in 1988 to $85,721 in 1989. In 1990 his income was $54,880 and for 1991 (only through July) his income was $57,795.
The husband testified that his grandmother gave him $5,000 to be used as bond money for membership at the Mobile Country Club. The wife testified that it was her father that loaned them the money for the bond, and an exhibit in the record supports the wife’s testimony. Nevertheless, the husband contends that the trial court erred in ordering him to repay the wife’s father, Mr. Mac Greer, the $5,000 loan for the debenture bond. The husband argues that Mr. Mac Greer is not a party to the divorce proceeding, and, therefore, the husband should not have been ordered to pay this debt. We disagree. The bond money was used for the benefit of the marriage, and, thus, the $5,000 loan is a debt of the marriage.
After a careful review of the record, with the attendant presumptions of correctness, this court cannot find the trial court’s judgment in this divorce case to be plainly and palpably wrong or unjust. Therefore, this ease is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.