L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in October 1991. The wife was awarded custody of the three children. The husband was ordered to pay $1,000 per month in child support, to maintain life insurance on his life in the amount of $50,000 for each child, and to pay for one-half of the private education of the minor children. The judgment of divorce further ordered the husband to pay $1,000 per month in periodic alimony and $15,000 as alimony in gross; awarded the wife the marital residence with the husband paying $15,000 immediately toward the indebtedness on the residence; ordered the husband to be responsible for approximately $9,500 in marital debts; ordered the husband to repay a $5,000 loan to the wife’s father; and ordered the husband to pay the wife’s attorney’s fees in the amount of $5,000.
The husband appealed the judgment of the trial court to this court alleging that its award was excessive. We affirmed the judgment. Benbow v. Benbow, 601 So.2d 1010 (Ala.Civ.App.1992).
In January 1992 the wife filed a motion for rule nisi, alleging the husband’s alimony and child support were in arrears and that he had not paid other payments as ordered in the final decree of divorce. The husband answered the motion and alleged that he was not financially able to meet the demands of the final decree. Following a hearing on the motion, the trial court found the husband in contempt and ordered him to pay $7,699 in alimony and child support arrearage, $2,268 in past-due health insurance premiums, $150 in attorney’s fees and $115 in court costs. The husband was ordered to be committed to jail until he could purge himself of contempt. Upon application of the husband, the trial court stayed enforcement of the contempt order pending appellate review. The husband appeals the contempt order to this court.
The husband asserts that the trial court erred in finding him to be in contempt. He insists that his failure to pay is not due to contumacy but to inability to pay.
The determination of whether a party has failed to abide by the terms of a divorce decree or is in contempt of court is a matter committed to the sound discretion of the trial court. Lundy v. Lundy, 586 So.2d 949 (Ala.Civ.App.1991). Our review of such cases is limited to questions of law. The weight of the evidence will not be reviewed other than to determine whether *1014 there is any legal evidence to support the trial court’s judgment. Lundy. The husband correctly points out that if he can present evidence that his failure to abide by the decree is due to his inability to pay rather than to his contumacy the burden shifts to the wife to prove beyond reasonable doubt that he can pay the ordered amount of alimony. Morgan v. Morgan, 582 So.2d 1147 (Ala.Civ.App.1991).
The husband testified that his business was not doing well and that during the month of January he had earned only “maybe two hundred, three hundred dollars.” His own bank statements, however, contradict his testimony. Two bank accounts reflected deposits of over $3,800 for the month of January.
An accountant, testifying on behalf of the husband, stated that the husband earned $2,475 during the period of October 1, 1991 through the end of December 1991. The accountant’s testimony was based partly on her perusal of two of the husband's bank accounts. She was not aware that the husband had four bank accounts in Mobile and one bank account in North Carolina.
It is important to note that this contempt action was filed only three months after the final decree was entered and that the same trial judge heard both proceedings. Throughout both proceedings there was substantial concern that the husband was secreting funds. Benbow. In the contempt proceeding, when questioned about the inheritance that the husband had received from his grandmother, the following colloquy transpired:
“Q. You actually received far more than sixty-two thousand dollars over in the last twelve months; haven’t you?
“A. No.
“Q. And wasn’t there an item of some fifty thousand dollars that was unaccounted for during the trial that you were never able to give His Honor an explanation as to where it went?
“Husband’s attorney: Judge, that is an improper question. It’s argumentative.
“The Court: Well, it’s my recollection that he certainly had fifty thousand dollars that he couldn’t account for, but didn’t account for [to the] satisfaction [of] the Court. And I think that’s very admissible on his ability to pay.”
The issue before the trial court was whether the defendant had assets from which he could have complied with the previous order. Such assets were not limited to income from his business. The record indicates that the husband has the means to pay the obligations ordered in the divorce decree and simply chooses not to do so. The trial court had sufficient evidence before it to support a finding of contempt. Lundy. The trial judge clearly did not think highly of defendant’s credibility. The judgment of the trial court is affirmed.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.