ROBERTSON, Presiding Judge.
On March 8, 1991, Deborah M. Powell (wife) filed a complaint for divorce against Joel Bernard Powell (husband) in the Circuit Court of Shelby County, Alabama. The wife requested an award of attorney fees and litigation expenses, one-half of the income tax refund for the year 1990, and “such additional relief as the court may consider equitable or appropriate.”
The husband, pro se, filed his answer, which in part stated that the parties had formerly agreed to a settlement of property; that since the action was a no fault divorce, he would not agree to pay for the wife’s legal fees; and that he would appear and defend upon timely notice.
The ease was set for trial on October 11, 1991. The husband was in court and answered the call of the docket two different times, but when the case was called for trial he had left. The trial judge ordered the bailiff to search the halls for the husband. The husband could not be found, and the trial began in his absence.
Following the ore tenus proceeding, the trial court entered a final judgment of divorce and found that the wife was entitled to certain relief, which included an award of $50,000 as alimony and property division. The husband filed a postjudgment motion, which was denied, and he appeals.
The husband contends that the trial court entered a default judgment against him and that Rule 54(c), Alabama Rules of Civil Procedure, prohibited the award of alimony and property division since the wife had not specifically requested such relief in her complaint. The husband’s contention that this was a “default judgment” is without merit. The record reflects that the husband, for whatever reason, chose not to stay for the trial and testify. Also, this court has held that, where the original complaint asked for “such other relief as may seem just and proper,” and the evidence showed that alimony was an issue before the trial court, the complaint was deemed amended to con *390 form to the proof. Johnson v. Johnson, 444 So.2d 867 (Ala.Civ.App.1984).
The husband also contends that the evidence did not warrant such an alimony and property division award. It is well settled that the trial court has broad discretion in determining a property division and in awarding alimony pursuant to a divorce proceeding and that such determinations are to be reversed only for an abuse of that discretion. Jones v. Jones, 560 So.2d 1092 (Ala.Civ.App.1990). Further, the trial court has no rigid standards it must apply when making awards of alimony and dividing property. Jones. Instead, the trial court is free to consider the unique facts and circumstances of each case when fashioning its awards. Jones.
The wife testified that the parties were married in 1984; that in 1990 the husband’s income was approximately $60,-000; that in 1989 his income was almost $48,000; that the husband had used the wife’s credit card in order to finance his business; that the value of the husband’s business had increased, and he had sold it for an unknown amount; that the husband, at the time of trial, lived on land in Georgia owned by the wife; and that the wife was informed, through a credit report, of the husband's use of credit cards issued in her name. The wife requested that the trial court award her $250,000 for her contribution to the business plus $50,000 for money and a vehicle taken by the husband as a property settlement.
After reviewing the uncontradicted record testimony, we cannot hold that the trial court committed an abuse of discretion by awarding the wife $50,000 as alimony and property division. The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.