ROBERTSON, Presiding Judge.
After an ore tenus proceeding, the trial court divorced the parties and effected a property division. A timely posttrial motion was denied, and the husband appeals.
The only issue raised by the husband on appeal is whether the trial court abused its discretion in ordering the marital home sold and the proceeds divided equally.
It is well settled that when the trial court’s judgment is based on ore tenus evidence, a presumption of correctness attaches, and the judgment will be affirmed if supported by competent evidence, unless it is shown to be palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). It is also well settled that the trial court has broad discretion in determining a property division pursuant to divorce and that such a determination will be reversed only for an abuse of that discretion. Jones v. Jones, 560 So.2d 1092 (Ala.Civ.App.1990).
The husband contends that he made all the contributions concerning the down payment on the marital home and that the property on which the home was built was his prior to this marriage. It should be noted that the parties were married twice to each other and that this is their second divorce. The record, reflects that the parties lived in the marital home for approximately 2 years before this second divorce, and it was undisputed that the property was used for their common benefit.
The husband testified that his mother initially made a loan of $8,000 to him towards the down payment of the house; however, he admitted that she signed a “gift letter,” which indicated that the $8,000 was a gift to the husband. When a gift has been used for the common benefit of the parties, it may be considered in the division of property. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988).
The husband argues that he had contributed all the money toward the purchase of the marital home and that the trial court’s judgment awarding the wife one-half of the proceeds was against the weight of the evidence. However, the husband fails to cite any authority that the parties must make equal contributions to receive equal distribution in property settlements. After a review of the record, considering the wife’s contribution to the marital estate, we cannot hold that the trial court abused its discretion in ordering the sale of the marital home and in dividing the proceeds equally or that the trial court’s judgment is palpably wrong. The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.