This is a child support modification case.
Alicia W. Sims Rogers, the mother, and Jerry Lee Sims, the father, were divorced on August 7, 1978. On September 11, 1992 the mother, who has custody of the parties' child, filed a petition for modification of the existing child support agreement, which required the father to make monthly child support payments in the amount of $125. The minor child was 16 years old when this petition was filed. The case was set for trial on March 22, 1994, but was continued upon motion filed by the father on March 11, 1994. The father was unavailable for trial because he had received an Army assignment in South Korea, which he voluntarily accepted. The case finally came to trial on September 26, 1994, just two months before the child's 19th birthday.
The trial court ordered the father to pay $375 per month from November 1, 1994, until December 28, 1994, when the child would reach majority. He was thereafter required to pay $225 per month toward the child's postminority college expenses. The mother filed a motion for new trial on November 15, 1994, which was denied by operation of law. The mother appeals.
The mother contends that the trial court failed to include all of the father's sources of income in its computation of the child support payments, as required by Rule 32, Ala.R.Jud.Admin. The mother correctly asserts that the court must take into account all sources of income of the noncustodial parent when computing that parent's support obligation. The court has no discretion in this matter. The Child Support Guidelines establish that gross income includes "income from any source, and includes, but is not limited to, salaries, wages, commissions, bonuses, dividends, . . . interest." Rule 32(B)(2)(a), Ala.R.Jud.Admin. Rule 32 further provides under the category of "Other Income" that expense reimbursements or inkind payments received by a parent in the course of employment shall be counted as income if such payments are significant and reduce personal living expenses. Rule 32(B)(4). The guidelines require the trial court to consider the resources of the parents, and not simply their incomes, in determining child support. Ex parte St. ClairCounty Department of Human Resources, 612 So.2d 482 (Ala. 1993).
The trial court erred in failing to include in its computation of the support obligation all sources of the father's income. The evidence shows that, in addition to his base salary, the father receives interest income on investments, rental income, a housing allowance, and a foreign post allotment, all of which result in a total yearly income in excess of $60,000. Apparently, the trial court took only $41,986 of the father's yearly income into account when computing the child support award, therefore impermissibly deviating from the guidelines.
Rule 32 provides in pertinent part that there is a rebuttable presumption that the amount that results from the application of the guidelines is the correct amount to be awarded. Rule 32, Ala.R.Jud.Admin. The trial court may deviate from the guidelines if the parties have agreed to deviation, or if it finds that application is unjust for some reason. Rule 32(a)(i), (ii). Rule 32 contains a partial list of reasons that may justify deviation. Rule 32(A)(1). A written finding on the record stating that the application of the guidelines is unjust or inappropriate is sufficient to rebut the presumption of correctness. Rule 32(A). In the present case, there was no finding by the court justifying deviation from the guidelines. Absent a stated and justified reason for deviating from the child support guidelines, such a deviation was improper. Therefore, we hold that the trial court erred in its computation of the child support award.
The mother also contends that the trial court erred in denying retroactive application of the modified child support order to the date the petition was filed. The trial court may exercise its discretion in setting the effective date of a modification, but it is *Page 717 
not bound to modify as of the date of the filing of the petition. Clutts v. Clutts, 54 Ala. App. 43, 304 So.2d 599
(1974); see also, Murphy v. Murphy, 491 So.2d 978
(Ala.Civ.App. 1986). This matter is within the sound discretion of the trial judge, whose decision will not be disturbed unless it was so unsupported by the evidence as to be palpably wrong, manifestly unjust, or plainly erroneous. Culverhouse v.Culverhouse, 389 So.2d 937 (Ala.Civ.App. 1980).
We cannot say the trial judge abused his discretion. It appears from the record that both parents were less than diligent in bringing the case to trial. Based on the evidence presented to the trial judge and based on the applicable law considered by him, we do not find his decision to be palpably wrong or manifestly unjust.
The mother next contends that the amount of postminority college support awarded was based on an erroneous finding that the parties' incomes were substantially the same, and that the court abused its discretion in requiring the father to pay only approximately 30% of the college expenses, even though his income exceeds that of the mother.
The trial courts have been given discretionary authority to determine whether to award any postminority college support.Bayliss v. Bayliss, 575 So.2d 1117, 1120 (Ala.Civ.App. 1990) (Bayliss II); cert. denied, Ex parte Bayliss, 575 So.2d 1122
(Ala. 1991). Thus, such a determination by the trial court is presumed correct and will be reversed only upon a showing that it has abused its discretion or that its determination is plainly and palpably wrong. Id. at 1119.
In determining the amount of the support award, the trial court may award sums of money out of the property and incomes of both parents, and in doing so shall consider all relevant factors which appear necessary, including primarily the financial resources of the parents, and the child's aptitude for the required education. Ex parte Bayliss, 550 So.2d 986,987 (Ala. 1989) (Bayliss I). Additionally, the court is required to consider evidence regarding the amount required for the child's books, tuition, and actual costs of room and board.Stanford v. Stanford, 628 So.2d 701 (Ala.Civ.App. 1993). The record reveals that the trial court considered evidence regarding the child's scholastic ability and the child's relationship with the father. The child clearly has the capability to succeed in college and has maintained a relationship with the father since the parties divorced in 1978. The trial court was also presented with evidence of the father's ability to pay and the costs of the child's college education. The trial court has the discretion to determine whether to grant educational support at all, and therefore has discretion to set the amount of support payments required, after hearing all appropriate evidence. Because the trial court considered all relevant factors, we cannot say that it abused its discretion or that its determination is plainly or palpably wrong. However, on remand for recomputation of the child support award including all of the father's income, we urge the trial court to reconsider the amount of educational support awarded, if it excluded portions of the father's income in computing its initial award.
In Bayliss II, the court held that in cases such as this, where the child is already attending college, the decision of the trial court will be retroactive to the time of the filing of the request. Bayliss II, supra, at 1122. Therefore, on remand the court shall, in accordance with Bayliss II, make the educational support payments retroactive to the date of the filing of the petition, or the date the child entered college, whichever is later. However, there apparently was a college fund set up by the father as part of his compliance with the initial divorce judgment; that fund apparently was later turned over to the mother. The amount of retroactive support should be reduced by the value the fund had when the fund was terminated.
The mother also argues that the trial court erred in not hearing argument on her motion for a new trial. However, because the issues raised in her motion have been addressed on this appeal, this court need not address that argument.See Rule 45, Ala.R.App.P.
The judgment of the trial court is affirmed as to retroactive application of child support *Page 718 
payments and regarding the amount of educational support awarded. Its decision is otherwise reversed, and this cause is remanded with instructions for the trial court to compute child support considering the father's total income, and to apply the educational support retroactively.
The mother's request for an attorney fee is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in result.