This case involves a petition for a modification of child support and visitation.
The parties were divorced in 1988. While the divorce was pending, the wife was pregnant with a child whose paternity the husband questioned. After the birth of the child, the trial court rendered a divorce judgment awarding custody of the two sons to the wife and awarding the husband visitation rights as to the two children. After the divorce, the husband was judicially determined to be the younger child's biological father. A series of modification orders followed, during which the husband's visitation rights and child support obligation were modified to provide for only the older son based on the assumption that the younger son was to be adopted. The most recent modification order was entered on September 17, 1993, in which the trial court noted that the younger son had not been adopted and ordered the father to pay $770 per month in child support for the two children. On March 31, 1995, the mother filed the instant petition to modify child support. The petition stated that on March 3, 1995, the older son was examined by Dr. Earl W. Stradtman, who noted "rectal scarring consistent with sexual molestation." The mother requested a temporary suspension of the father's visitation privileges pending an investigation by the Department of Human Resources and sought a modification of the visitation schedule as the court deemed to be appropriate following the conclusion of the investigation. The father also filed an objection to the motion to suspend visitation and a motion for an emergency hearing regarding the custody of the children. The father filed a counter-petition to modify the trial court's previous orders and requested the trial court to award him standard visitation with the younger child, with whom the father had not been exercising visitation. On July 26, 1995, the father filed a motion to strike the mother's allegation of sexual abuse; he argued that there was no factual support for the allegation against him. Following both parties' requests for production of documents from DHR, DHR filed a motion for a protective order. The trial court ordered DHR to produce the records regarding the older son and entered a protective order limiting the publication of the records.
Following a trial on the petitions, the trial court entered a judgment in which it held that no material change of circumstances had occurred to warrant a change in the father's child support obligation; it also ordered that the father was to have standard visitation privileges as to the younger son. The trial court further found that there was no evidence to support the mother's allegation that the father had sexually molested his son, and that the mother had maliciously interposed that allegation with the knowledge that it was false, and that she had failed to dismiss the allegations from the court's consideration following the conclusion of DHR's report indicating that the father had not abused the child. The judgment states that "[t]his behavior begins the treacherous climb toward court-imposed sanctions." Although the trial court did not find the mother in contempt, it ordered her to pay $818.61 for the costs incurred in disposing of the sexual abuse allegations and $4,300 for the father's attorney fees. The mother filed a motion to alter, amend, or vacate the judgment or, in the alternative, a motion for a new trial, which the trial court denied. The mother appeals.
The mother argues that the trial court erroneously determined that no material change of circumstances had occurred to support *Page 488 
a modification of child support. The record indicates that the child support obligation ordered in 1993 was based on the father's reported income of $45,000. At trial, the mother introduced the father's personal tax return for 1995, which reported his income as $46,176. The wife sought to introduce the 1994 corporate tax returns for Western Erectors, Inc., a corporation of which the father is the president and sole shareholder. The father objected to the introduction of the returns, stating that the evidence was irrelevant to establish the corporate earnings in 1996; he argued that only current financial information should be allowed into evidence for determining his current child support obligation. The trial court sustained the objection and prevented the mother from introducing the returns; however, the father did testify that in 1994 the corporation reported a profit of $47,984. The father also stated that the corporate tax return for 1995 had not yet been prepared. The record indicates that the mother requested documents from the father, including all tax returns and financial data up to the present date. However, the only records provided in response to that request were the tax returns presented to the trial court and records of some estimated tax payments made by the father in 1996.
Actions concerning child support are guided by mandatory application of Rule 32, Ala. R. Jud. Admin. Doyle v. Doyle,579 So.2d 651, 653 (Ala.Civ.App. 1991). However, matters of child support still rest within the discretion of the trial court, and are not to be reversed absent a palpable abuse of that discretion. Id. Likewise, the modification of child support is within the trial court's discretion and will not be reversed on appeal absent an abuse of that discretion. Cherry v. Clark,595 So.2d 909 (Ala.Civ.App. 1992).
The provisions of Rule 32 that govern the issue of determining the income earned by a self-employed parent provide:
"(3) Self employment income.
 "(a) For income from self-employment, rent, royalties, proprietorship of business, or joint ownership of a partnership or closely held corporation, 'gross income' means gross receipts minus ordinary and necessary expenses required to produce such income, as allowed by the Internal Revenue Service, with the exceptions noted in section (B)(3)(b).
 "(b) 'Ordinary and necessary expenses' does not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses, investment tax credits, or any other business expense determined by the court to be inappropriate for determining gross income for purposes of calculating child support."
Rule 32(B)(3), Ala. R. Jud. Admin.
Regarding the amount of "income" reinvested in a business, this court has held that, when determining a parent's ability to support his or her children, a trial court can properly consider the parent's gross income to be that parent's business's net income, some of which is reinvested in the business, rather than the "owner's draw" taken by the parent.Klapal v. Brannon, 610 So.2d 1167 (Ala.Civ.App. 1992).
In light of the definition of "gross income" in Rule 32(B)(3)(a), we hold that the trial court erred in failing to consider the net income of the father's business in computing his income for purposes of determining his child support obligation. Because up-to-date tax returns or financial records were not available, we do not believe that the business's 1994 tax return is too remote to accurately depict the company's earning capacity. We note that the mother requested current financial data in her request for production and that no such data were produced by the father. The father should not be allowed to benefit from his failure to comply with a production request. Therefore, the trial court erred in excluding the father's business's tax return and in failing to consider the business's profits as income to the father. On remand, the trial court shall consider the father's business income in order to compute a child support award in accordance with Rule 32, Ala. R. Jud. Admin.
We do not agree, however, with the mother's argument that the trial court erred in not imputing additional income to the father for the business expenses paid by his *Page 489 
corporation. Rule 32(B)(4) provides that expense reimbursements or in-kind payments received by a parent shall be included in that parent's income "if [the payments] are significant and reduce personal living expenses." The mother supports her argument with this court's opinion in Rogers v. Sims,671 So.2d 714 (Ala.Civ.App. 1995). In Rogers, the father was in the military and received a housing allowance and a foreign post allotment that defrayed his living expenses. We held that the trial court had erred when it failed to include the father's expense reimbursements in the computation of his income. Id. at 716.
The present case differs from Rogers in that, while the father's business provides a company vehicle for him and also reimburses him for his food and lodging when he travels for business purposes, the wife failed to show how those payments reduced his personal living expenses. The father testified that he uses the company vehicle for business only and that he owns a Jeep for personal use. And although the father is reimbursed for traveling expenses, the mother did not show that this reduces the father's living expenses. Furthermore, although the mother introduced evidence as to expenses for travel, meals, and entertainment paid by the business, she failed to show what percentage of those expenses was spent on behalf of the father. The father testified that his company employs 118 people and that all but one of those employees travel and incur the expenses deducted from the business's taxable income. We hold that the trial court did not abuse its discretion in not including in the father's gross income the expenses incurred by the business. Wells v. McNeal, 646 So.2d 59 (Ala.Civ.App. 1994); Rule 32(B)(3)(b), Ala. R. Jud. Admin.
The mother also argues that the trial court erred by sanctioning her for failing to dismiss the allegation of sexual molestation and by ordering her to pay the costs associated with the disposition of that claim, as well as the father's attorney fees. The trial court's judgment states: "Had the sexual abuse allegation been dismissed in a timely manner, plaintiff and his attorney would not have incurred additional legal fees as well as costs of depositions, subpoenas and other related costs in this action." The mother argues that the trial court failed to consider the factors listed in § 12-19-273, Ala. Code 1975, which are to be considered in determining whether to award attorney fees. Those factors include, among others, the extent to which a party has tried to determine the validity of an action, the extent of any effort to reduce the number of claims being asserted, the parties' relative financial positions, whether the claim was prosecuted for an improper purpose, and whether there were issues of fact reasonably in conflict. § 12-19-273(1)-(6).
The mother argues that, based on Dr. Stradtman's medical findings, she had sufficient reason for alleging the possibility of sexual abuse by the father. She also asserts that she attempted to narrow the issues for trial. The record indicates that, on the day before trial, the mother's attorney contacted the father's attorney to discuss which issues would be tried, and that, at that time, she agreed that the father's motion to strike the sexual abuse allegation was due to be granted. While she arguably could have agreed to dismiss that claim sooner, the depositions that the father contends were taken solely to defend against the sexual abuse allegation had been taken before DHR's records were released. Therefore, contrary to the trial court's finding, the mother could not have prevented the expense of the depositions and attendant fees even if she had promptly inspected the records once they became available. Furthermore, the trial court's finding that the mother "fully knew from the medical and psychological reports, as well as the report from DHR, that the allegations were false" is not supported by the evidence. The trial court abused its discretion in its order requiring the mother to pay fees and costs. The imposition of those fees appears, from our review of the record, to be punitive in nature rather than a fair apportionment of the fees incurred. Therefore, we reverse this portion of the trial court's judgment and remand for a determination of the amount of costs and fees, if any, that the mother can fairly be required to pay in light of the parties' relative financial conditions.
The mother also argues that the trial court abused its discretion in awarding *Page 490 
the father standard visitation as to the younger son. She asserts that an "introductory period of visitation" would be more appropriate to allow the child to get to know his father gradually. The trial court has broad discretion in determining visitation rights. Fanning v. Fanning, 504 So.2d 737
(Ala.Civ.App. 1987). We find no abuse of discretion in the trial court's visitation order.
The mother additionally contends that the trial court's findings of fact, in which it found that she maliciously and recklessly instituted the sexual abuse charges, was unsupported by the evidence. Because we have ruled in her favor on the issue of the trial court's apportionment of fees, we need not address this issue.
In light of the foregoing, the trial court's judgment is reversed as to the computation of the father's income for calculation of his child support, obligation and as to the award of costs and attorney fees, and the cause is remanded for proceedings consistent with this opinion; the remaining portions of the judgment is affirmed.
Each party's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.