Robert V. Hubbard (the father) and Kelli H. Hubbard Hall (the mother) were divorced in 1988. They had two sons. In 1995, they filed various petitions and counterpetitions seeking, among other things, a modification of the child support provision of the divorce judgment. The court found that no material change in circumstances had occurred and thus that no change in the father's child-support obligation was warranted. The mother appealed. As to the child-support issue, this court reversed the trial court's judgment and remanded the case for the court to take into account the income of the father's closely held corporation, in determining his child-support obligation. Hall v. Hubbard,697 So.2d 486 (Ala.Civ.App. 1997). For a complete procedural history of the case, see Hall v. Hubbard, 697 So.2d 486
(Ala.Civ.App. 1997).
On remand, the trial court increased the father's child-support obligation. The father appeals.
The father argues that the trial court abused its discretion by calculating the father's income to include all corporate earnings without considering the business's liabilities.
The provisions of Rule 32, Ala.R.Jud.Admin., that govern this issue provide:
"(3) Self-Employment Income.
 "(a) For income from self-employment, rent, royalties, proprietorship of business, or joint ownership of a partnership or closely held corporation, `gross income' means gross receipts minus ordinary and necessary expenses required to produce such income, as allowed by the Internal Revenue Service, with the exceptions noted in section (B)(3)(b).
 "(b) `Ordinary and necessary expenses' does not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses, investment tax credits, or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support."
Rule 32(B)(3), Ala.R.Jud.Admin.
The father admits that the income of his closely held corporation should be considered in calculating his child-support obligation. However, he claims that the court should have considered the corporation's liabilities. The father argues, "The corporate liabilities far exceed the retained earnings of the corporation. It is submitted that imputing the entire retained earnings of the corporation without considering the corporate liabilities is an incorrect application of Rule 32." The father does not provide any support for this contention. He is not arguing that the court did not deduct ordinary and necessary expenses, but that the court should have looked at the corporation's overall debt. The father presented the court with a list of the debts owed by the corporation. The total debt was $2,221,406.
Under Rule 32, the corporation's gross income is the corporation's gross receipts minus ordinary and necessary expenses required to produce such income. There is no consideration for the overall debt of the corporation just as there is no consideration for the net value of the corporation. See Rule 32(B)(3).
The father further claims, "It would be virtually impossible for any business to remain viable without operating funds on hand." Thus, he argues that the court should not have considered the corporation's total gross earnings because, he says, some of the earnings must be reinvested in the business. However, regarding the amount of "income" reinvested in businesses, *Page 500 
this court has held that in determining a parent's ability to support his or her children a trial court can properly consider as the parent's gross income the net income of that parent's business, some of which is reinvested in the business, rather than the "owner's draw" taken by the parent. Klapal v. Brannon, 610 So.2d 1167
(Ala.Civ.App. 1992). We add that whether to include the income of the parent's bussiness is within the trial court's discretion, and that when it does include it this court will not reverse except for an abuse of discretion. Id.
The dissent states that the court's considering the gross income of the father's business was a rejection of the father's argument that the court should not consider all of the business's income because some of the income is reinvested into the business. To reject that argument was within the discretion of the trial court. Furthermore, the dissent finds evidence to support the father's contention that income was reinvested into the business. However, the father never presented any evidence as to what amount was reinvested or any evidence to show what the business's monthly expenses were. Moreover, whether or not the father reinvested the business's income during the marriage is not determinative here. As the dissent agrees, the trial court, pursuant to Klapal, had the authority to consider all of the business's gross income.
The trial court found that the father's monthly income was $11,162.58. The father claimed that his monthly income was $5,342.58. There is no evidence to explain how the father arrived at that figure. According to the father's brief, it was undisputed that the father had an annual wage of $46,499 and that the corporate earnings were $87,252 in 1998. The trial court combined the father's personal gross income of $46,699 and the corporate gross earnings of $87,252 and divided by 12 months to arrive at a gross monthly income of $11,162.58. Based on this income, the court ordered the father to pay $1,241.70 monthly in child support.
Rulings concerning child support, although guided by the mandatory application of the Rule 32 child-support guidelines, remain within the trial court's discretion, and its decision on such matters will not be disturbed on appeal absent an abuse of discretion. Doyle v. Doyle, 579 So.2d 651, 653 (Ala.Civ.App. 1991).
The father has failed to establish reversible error. We cannot hold that the court failed to comply with Rule 32, or that the court abused its discretion. The judgment of the trial court is affirmed.
AFFIRMED.
Robertson, P.J., and Yates, J., concur.
Thompson, J., concurs in the result.
Crawley, J., dissents.