THOMAS, Judge.
Larry E. Pylant (“the husband”) and Lisa Pylant (“the wife”) were married in 1988; they have three children, all of whom are adults. The husband began working construction and pipefitting jobs “on the road” in 2007, which resulted in the parties’ living apart. In November 2014, the parties separated ■ permanently, and the husband moved to Newport News, Virginia.
In May 2015, the husband filed a complaint in the Jackson Circuit Court (“the trial court”) in which he sought a divorce from the wife. After a trial held on March 7, 2016, the trial court entered a judgment divorcing the parties and awarding the wife $5,000 in alimony in gross and $250 per month in periodic alimony." The husband filed a postjudgment motion, which the trial court denied after a hearing. The husband timely appealed. He challenges the trial court’s alimony-in-gross award.
“The trial court has wide discretion over the issues of alimony and the division of property, and it may use whatever means are reasonable and necessary to equitably divide the parties’ property. Grimsley v. Grimsley, 545 So.2d 75, 77 (Ala. Civ. App. 1989). The only limitation on that discretion is that the division of property must be equitable under the circumstances of the particular case, and the task of determining what is equitable falls to the trial court. Ross v. Ross, 447 So.2d 812 (Ala. Civ. App. 1984). The trial court’s judgment as to those issues is presumed correct and will not be reversed unless it is so unsupported by the evidence ... as to be unjust and palpably wrong. Grimsley, 545 So.2d at 76. ‘The trial court has no rigid standards on which to base the determination of alimony and division of property....’ Jones v. Jones, 560 So.2d 1092, 1093 (Ala. Civ. App. 1990). In making the property division, the trial court may consider several factors, including the parties’ respective present and future earning capacities, their ages and health, *807 their conduct, the duration of the marriage, and the value and type of marital property. Lutz v. Lutz, 485 So.2d 1174 (Ala. Civ. App. 1986). This court must consider the issues of property division and alimony together when reviewing the decision of the trial court, Albertson v. Albertson, 678 So.2d 118, 120 (Ala. Civ. App. 1995), and, because the facts and circumstances of each divorce case are different, this court must also consider the particular facts and circumstances of the case being reviewed. Murphy v. Murphy, 624 So.2d 620, 623 (Ala. Civ. App. 1993).”
Redden v. Redden, 44 So.3d 508, 510-11 (Ala. Civ. App. 2009).
The parties presented schedules of their assets and testified regarding the property that they owned. The husband’s schedule of assets indicates that he owns a 2011 Jeep Patriot automobile, which, he testified, was purchased with financing for $18,441 and on which he still owes $18,000. His schedule also includes a handwritten addition: a 2002 Ford Explorer automobile with a value of $1,500. At trial, the husband explained that the Explorer had 230,-000 miles on it, that it had been stolen, and that he had been required to purchase the Patriot in order to have transportation. He said that the police had recovered the Explorer in February 2016. He also admitted that his schedule of assets did not include items like his clothing, his tools, or the furnishings in the apartment he rented with his current girlfriend. He testified that his tools were not worth anything, and he described the furniture, which he said included two queen-sized beds, a sofa, and two chairs, as “lease-to-.own furniture,” “cheap,” and “not even valuable.”
The wife’s schedule of assets indicates that she owns a 2003 Buick Rendezvous automobile of undetermined value. She mentioned that she owns jewelry and various personal effects, but she did not state their value. Also listed on the schedule are the various furnishings that had been in the marital residence, which the parties did not own; the wife did not ascribe a value to those furnishings, which she testified included three bedroom suites, a couch, a television, and kitchen items. She specifically testified that she owned a $3,000 refrigerator that she purchased shortly before the parties separated; she said that she made monthly payments of $178 on the remaining debt associated with the refrigerator to a home-improvement store. "The wife’s schedule includes two other vehicles owned by her and driven by the parties’ children—a 2004 Ford Taurus automobile and a 1999 Dodge Ram 1500 truck; no values were ascribed to .either vehicle on the schedule, but the wife testified- that she had purchased the Taurus automobile for $200.
The husband argues on appeal that the evidence presented to the trial court does not support its decision to award the wife $5,000 in alimony in gross. He relies on Ex parte Dickson, 29 So.3d 159, 162 (Ala. 2009), in which our supreme court stated that “an award of alimony in gross must' be made based on the value of the marital estate and the parties’ separate estates and not on the anticipated future earnings of the payor.” Our supreme court explained:
“In [Ex parte] Hager,[ 293 Ala. 47, 299 So.2d 743 (1974),] this Court defined alimony in gross and periodic alimony as follows:
“ ‘ “Alimony in gross” is the present value 'of the wife’s inchoate marital rights—dower, homestead, quarantine, and distributive share. It is payable out of the husband’s present estate as it exists at the time of divorce. Borton v. Borton, [230 Ala. 630, 162 So. 529 (1935).] On the other hand, *808 “periodic alimony” is an allowance for the future support of the wife payable from the current earnings-of the husband.’
“293 Ala. at 55, 299 So.2d at 750 (emphasis added). The Hager Court also stated that the award at issue ‘was intended to be, as denominated, “alimony, in gross,” a property settlement award, compensating the wife only for the loss of her 'rights in the husband’s estate.’ 293 Ala. at 55, 299 So.2d at 751 (emphasis,added). See also Daniel v. Daniel, 841 So.2d 1246, 1250 (Ala. Civ. App. 2002) (alimony in gross is a form of property settlement .and must be payable out of -the present estate of the payor, at the time of the divorce).”
Ex parte Dickson, 29 So.3d at 162 (footnote omitted). This court has also explained that alimony in gross must be “ ‘payable out of the [payor’s]-... estate as it exists at the. time of divorce.’ ” Murphy v. Murphy, 624 So.2d 620, 622 (Ala. Civ. App. 1993) (quoting Hager, 293 Ala. at 55, 299 So.2d at 750); see also Zinnerman v. Zinnerman, 803 So.2d 569, 574 (Ala. Civ. App. 2001). The husband argues that his estate at the time of the divorce was not sufficient to support the $5,000 alimony-in-gross award.
The wife contends that the fact that the husband admittedly failed, to list all of his assets on his schedule supports a conclusion that the husband has assets from which he could pay the $5,000. The trial court appears to have been of a similar opinion. In its order denying the husband’s postjudgment motion, the trial court stated that the husband “was not completely candid at trial, about his finances” and that “he is fully financially able .to pay the small sum awarded to the [wife].”
However, whether the husband is financially capable of paying the $5,000 out of his combined income and .assets is not the question. . Instead,..we must, determine whether the alimony-in-gross award “exceeded the value of the husband’s estate at the time of the divorce.” Ex parte Dickson, 29 So.3d at 163 (emphasis added). The husband’s estate at the time of the divorce consisted of two automobiles, one worth $1,500 and the other in which he had almost no equity;, some “cheap” furniture of indeterminate value; some tools of no value; and his clothing and personal effects.
The trial court’s award of $5,000 in alimony in gross is not supported by the evidence presented regarding the valué of the husband’s estate at the time of the divorce. As was the case in Ex parte Dickson, the alimony-in-gróss award in the present case exceeds the value" of the husband’s-estate at the time' of the divorce, and it is therefore due to be reversed. Although the husband challenged only the award of alimony in gross and not the periodic-alimony award, we note that “because property-division and alimony awards are considered to be interrelated, we often reverse both aspects of the trial court’s judgment so that it may consider the entire award again upon remand.” Redden, 44 So.3d at 513. Accordingly,, the trial court’s judgment is reversed, and we remand the cause to the trial court to reconsider the awards of' alimony- in -gross and periodic alimony in light of the principles outlined in Ex parte Dickson.
REVERSED AND REMANDED WITHINSTRUCTIONS.
Thompson, P. J., and Pittman, Moore, and Donaldson, JJ„ concur.