Rel: December 16, 2022

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### 2210227

_____

**James L. Cason, III**

**v.**

**Stacy Leigh Cason**

**Appeal from Shelby Circuit Court**
**(DR-19-900224)**

FRIDY, Judge.

James L. Cason, III ("the husband"), appeals from a judgment of the Shelby Circuit Court ("the trial court") entered in June 2021, divorcing him from Stacy Leigh Cason ("the wife"), dividing the marital property, awarding the wife periodic alimony and an attorney fee, and

ordering the husband and the parties' younger child to engage in "reunification therapy" to repair their relationship before the husband could exercise visitation with that child. For the reasons set forth herein, we dismiss the appeal as moot to the extent that the husband challenges the portion of the judgment related to therapy, and we reverse those portions of the judgment relating to the division of the marital property, alimony, and the attorney-fee award.

Background

The parties married in 2006, and one child was born of the marriage. That child was thirteen years old when the trial court entered the judgment. The wife also had a child from a previous marriage, whom the husband adopted. That child was no longer a minor when the judgment was entered. The husband was a certified public accountant and the primary earner during the marriage. The wife worked as a preschool teacher during the marriage.

After the parties separated in March 2019, the husband testified, he was able to visit the children only a few times in public locations even though, he testified, there was no suggestion that he had ever posed a safety risk to the children. In December 2019, the husband obtained an

order, issued by the trial court, permitting him to have overnight visitation with the children. He said that, the day after the trial court entered that order, he received a telephone call from the younger child, with whom he had been in contact almost daily since the separation, who told him the that wife had said that the husband had something to tell the children, and so he explained the visitation order. Since that telephone call, the husband said, he had not had any contact with the younger child. The husband said that he believed that the wife had alienated the children against him.

On June 25, 2021, the trial court entered a judgment divorcing the parties, dividing the marital property, and awarding the wife periodic alimony, among other things. The trial court also awarded the parties joint legal custody and the wife sole physical custody of the younger child. In the judgment, the trial court found that the husband and the younger child had had no contact with each other since November 2019 and that their relationship was "strained, tenuous and in need of repair before visitation [could] commence." If the husband elected to pursue a relationship with the younger child, the trial court said in its judgment, he and the child were required to engage in reunification therapy under

the direction of Sara Hadgraft, a counselor. The trial court ordered Hadgraft to find appropriate times and places for the husband and the child to visit "outside of the therapeutic setting, beginning in smaller increments of time and progressing into larger increments of time to include overnight visitation once a relationship has been restored to such a point that overnight visitation can occur," ultimately resulting in the husband's receiving standard visitation with the younger child.

The trial court said in its judgment that it reserved jurisdiction to enter a specific visitation schedule if the husband became "dissatisfied with either the progress of reunification therapy or with the amount/duration of visitation time that is suggested in reunification therapy." The trial court's judgment added that, once the husband and child's relationship had been "satisfactorily restored," or after one year of therapy, the husband would be awarded visitation.

The husband filed a timely motion to alter, amend, or vacate the judgment. On October 21, 2021, the trial court granted the husband's motion in part, amending the judgment to require the parties to participate in reunification therapy for no longer than six months, at which time the husband would have standard visitation with the child.

4

The trial court also amended the judgment in other ways not germane to the resolution of the issues on appeal. The husband filed a timely notice of appeal to this court.

Analysis

The husband contends that the trial court erred in dividing the marital property, in awarding the wife periodic alimony, including retroactive alimony, and in awarding the wire an attorney fee. Among his arguments for reversal of the judgment is the contention that, in making its award of periodic alimony, the trial court failed to make the express findings mandated by § 30-2-57, Ala. Code 1975. Thus, he says, based on this court's holding in Merrick v. Merrick, [Ms. 2200188, Oct. 29, 2021] ___ So. 3d ___ (Ala. Civ. App. 2021), in which this court reversed a judgment awarding alimony because the trial court had failed to make the express findings required by § 30-2-57, the judgment here must be reversed so that the trial court can enter a new judgment that complies with that statute. The wife concurs with the husband's argument and further acknowledges that, because awards of alimony and property division are interrelated and the reversal of one of those awards normally necessitates reversal of the other award, the judgment is due to be

reversed insofar as it awarded the wife periodic alimony, divided the marital property, and awarded the wife an attorney fee.

We agree with the parties' assessment that, because the trial court's judgment does not contain the express findings that § 30-2-57 requires to support an award of periodic alimony, the periodic-alimony award is due to be reversed. Merrick, supra; see also Laurendine v. Laurendine, [Ms. 2200305, Nov. 12, 2021] ___ So. 3d ___ (Ala. Civ. App. 2021). Moreover, we agree with the wife that, because the periodic-alimony award is intertwined with the division of the marital property and the attorney-fee award, those aspects of the judgment are likewise subject to reversal and reconsideration by the trial court on remand.[1] Pylant v. Pylant, 230 So. 3d 805, 808 (Ala. Civ. App. 2017) (holding that, because property-division and alimony awards are interrelated, we often reverse both aspects of a judgment so that the trial court may consider the entire award again upon remand); see also Beck v. Beck, 142 So. 3d 685, 696-97 (Ala. Civ. App. 2013) (holding that, because

---

[1]By resolving the appeal as to those aspects of the judgment in this manner, we pretermit discussion of the additional grounds asserted by the husband for reversal of those aspects of the judgment.

awards of alimony and alimony in gross were reversed, attorney-fee award would also be reversed for reconsideration on remand).

The husband also argues that the trial court erred in requiring him to undergo reunification therapy before he can visit with the younger child. As the wife points out, the trial court's amended judgment, entered on October 21, 2021, required the parties to participate in reunification therapy for six months, at which time the husband would have standard visitation. Because the six-month period would have ended in April 2022, the wife says, this issue has become moot.

Although the husband filed a motion to stay the judgment, there is no indication in the record that the trial court ruled on that motion. Additionally, the husband did not file a reply brief to respond to the wife's assertion that this issue is moot. Because there is no longer any way for this court to grant effectual relief to the husband on the propriety of the requirement that he participate in reunification therapy, which has already concluded by the terms of the judgment, the appeal from the judgment insofar as it ordered the husband to participate in reunification therapy must be dismissed as moot. See C.F.D. v. J.P., [Ms. 2200873, Feb. 4, 2022] ___ So. 3d ___ (Ala. Civ. App. 2002).

For the reasons set forth above, the judgment is reversed insofar as it divided the marital property and awarded the wife periodic alimony and an attorney fee, and the cause is remanded for the trial court to enter a new judgment that complies with § 30-2-57. The appeal is dismissed as moot insofar as it challenges that portion of the judgment requiring the husband to engage in reunification therapy.

APPEAL DISMISSED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

Thompson, P.J., and Moore, Edwards, and Hanson, JJ., concur.